PEOPLE v EDENBURN

Docket No. 66371. Submitted October 5, 1983, at Lansing.—Decided November 1, 1983.

Defendant, Leslie V. Edenburn, pled guilty in the Saginaw Circuit Court to two counts of breaking and entering with intent to commit larceny. Defendant appeals alleging that the trial judge, Robert S. Gilbert, J., did not respond in a sufficient manner, prior to sentencing the defendant, to the defendant's allegations of errors contained in the presentence report of the probation department. *Held:*

1. The trial judge's response was insufficient because he did not respond as to whether or not he relied on the allegations made by defendant and it is not known whether the court took these claims into consideration.

2. A sentencing court has a duty to respond to a defendant's allegations of inaccuracy in the information provided to the judge at sentencing. A judge's failure to do so is error mandating resentencing.

3. The trial judge's duty to respond involves something more than acknowledging that he has heard the defendant's claims regarding the contents of a presentence report. He must indicate, in exercising his discretion, whether he believes these claims have merit.

The sentence is set aside and the case is remanded for response by the trial judge regarding defendant's claims and a subsequent resentencing.

1. CRIMINAL LAW — SENTENCING.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing; failure to respond constitutes error which requires resentencing.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — COURT RULES.

A trial court must exercise its discretion in determining whether

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 527.
[1] 21 Am Jur 2d, Criminal Law § 580.

a defendant's allegations of error in a presentence report are correct; in doing so, the court may consider statements of the defendant or his attorney (GCR 1963, 785.12).

3. Criminal Law — Sentencing — Presentence Reports — Court Rules.

A sentencing court's duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing involves something more than acknowledging that it has heard the defendant's claims regarding the information; the court must indicate, in exercising its discretion regarding such a determination, whether it believes those claims have merit (GCR 1963, 785.12).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Annette M. Gray,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),* for defendant on appeal.

Before: Allen, P.J., and Beasley and M. E. Clements,* JJ.

Per Curiam. Defendant, Leslie Verlin Edenburn, pled guilty to two counts of breaking and entering with intent to commit larceny, in violation of MCL 750.110; MSA 28.305. Defendant was sentenced to not less than 5 years nor more than 15 years in prison. He appeals as of right.

Prior to sentencing, counsel for defendant addressed the court and claimed that the presentence report of the probation department was in error. Defendant claimed that he was not given sufficient time to talk to the probation officer prior to the preparation and filing of the presentence report. He claimed that some of the statements of the state police trooper were incorrect, specifically,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

that the reference to the breaking and enterings in Shiawassee County were not accurate and that defendant had, contrary to the report, made arrangements to take care of any delinquent child support.

The trial court responded to these claims as follows:

> "*The Court:* All right. The court will take the comments made by counsel into consideration in passing sentence. The court will also note that I received a letter, dated the 12th day of June of 1982, from Rhonda Pearson, who I understand is—would be a sister-in-law.
>
> "*Defendant:* Yes."

Defendant claims that under the case law, this response is insufficient because it does not indicate whether or not the trial judge relied on the statements in the presentence report to which defendant objects. The prosecutor places a contrary interpretation upon the trial court's response, saying that the trial judge accepted the claims of inaccuracies and sentenced without regard to them.

We agree with defendant's interpretation of the case law. Michigan case law has consistently held that a sentencing court has a duty to respond to a defendant's allegations of inaccuracy in the information provided to the judge at sentencing, and that the judge's failure to do so is error mandating resentencing.[1]

In *People v Major,*[2] this Court interpreted GCR

---

[1] *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *modified* 400 Mich 1; 252 NW2d 779 (1977); *People v Horace Williams,* 77 Mich App 402, 405-406, 409-410; 258 NW2d 737 (1977), *modified* 402 Mich 950j; 282 NW2d 926 (1978); *People v Westerfield,* 71 Mich App 618, 626; 248 NW2d 641 (1976).

[2] 106 Mich App 226, 229; 307 NW2d 451 (1981), quoting *People v McIntosh, supra.*

1963, 785.12 to mean that the trial court must exercise its discretion in determining whether allegations of error are correct and may consider statements of the attorney or defendant:

" 'GCR 1963, 785.12, leaves to the trial judge not only discretion to consider and weigh the contents of the presentence report, objective and subjective, but also discretion as to the means of implementing the due process duty of ascertaining, when the objection is raised, that the defendant is not prejudiced in sentencing by false information. *United States v Sanders*, 438 F2d 344 (CA 5, 1971). While not compelled to hold an evidentiary hearing, in the exercise of his discretion, he may do so. He may ascertain that the disputed matter is not relevant to this decision, or is of little weight, or could be safely disregarded without regard to its accuracy in light of other facts. There are many ways, in the exercise of his discretion, that he may meet the problem.' "

The plea agreement in this case provided that the prosecutor's office would recommend dismissal of 13 other breaking and enterings charged to defendant in Saginaw County. The trial judge did not respond as to whether or not he relied on the allegations made by defendant, and we are left not knowing whether or not the trial court took these claims into consideration.

We hold that the duty of the trial judge to respond involves something more than acknowledging that he has heard the defendant's claims regarding the contents of a presentence report. He must indicate, in exercising his discretion, whether he believes those claims have merit.

Consequently, we set aside the sentence and remand this case to the trial court for response by the trial judge regarding the claims made by defendant and a subsequent resentencing.

Remanded.