PEOPLE v SUTTON

Docket No. 83367. Submitted March 10, 1986, at Detroit. Decided April 6, 1987. Leave to appeal applied for.

Curtis Sutton pled guilty to charges of assault with intent to commit murder, felonious assault and possession of a firearm during the commission of a felony and was sentenced to concurrent prison terms of from five to fifteen years and from two to four years for the assault convictions, and the mandatory two-year term for felony firearm, Detroit Recorder's Court, Donald L. Hobson, J. Defendant appealed and the Court of Appeals, in an unpublished opinion decided January 9, 1984, (Docket No. 68363), reversed and remanded for trial. Following a bench trial, Samuel C. Gardner, J., defendant was convicted of assault with intent to commit murder and felony-firearm, and was sentenced to prison terms of from eighteen to thirty years for the assault conviction and the mandatory two years for felony-firearm, with credit for 581 days served. Defendant filed a motion to reduce the sentence to that originally imposed by Judge Hobson, which the trial court denied. Defendant again appealed.

The Court of Appeals held:

1. The imposition of a longer sentence following defendant's initial, successful appeal and reconviction after trial does not give rise to a presumption that the longer sentence was imposed out of vindictiveness since defendant was sentenced by two different judges. In addition, information disclosed at trial to the second judge supported the imposition of a longer sentence.

2. The trial judge sufficiently responded to defendant's allegations of error in the presentence report and the record indicated that the trial judge did not consider the challenged information when he sentenced defendant.

3. Defendant was not denied effective assistance of his appellate counsel, who adequately informed him before proceeding

REFERENCES

Am Jur 2d, Criminal Law §§ 535 et seq..

See the annotations in the Index to Annotations under Sentence and Punishment.

with the first appeal that he might receive a longer sentence should he go to trial.

Affirmed.

1. CRIMINAL LAW — SENTENCING — RECONVICTION — APPEAL.

The imposition of a longer sentence on a defendant upon reconviction, which was preceded by a successful appeal wherein his guilty plea and initial sentence were set aside, does not give rise to a presumption of vindictiveness when the judge who accepted the guilty plea and the judge who presided at trial and imposed the longer sentence are not the same individual.

2. CRIMINAL LAW — SENTENCING.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing; a response by the court indicating that it was accepting defendant's allegation as true and that it would not consider the alleged inaccuracy satisfies the duty.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Brian Marzee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev*), for defendant on appeal.

Before: T. M. BURNS, P.J., and WAHLS and T. R. THOMAS,* JJ.

PER CURIAM. This appeal represents the second time this case has come before this Court.

On September 28, 1982, defendant, Curtis Sutton, pled guilty to assault with intent to commit the crime of murder, MCL 750.83; MSA 28.278, felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On October 12, 1982, defendant was sentenced by Detroit Recorder's Court Judge Donald L. Hobson to from

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

five to fifteen years imprisonment on the assault with intent to commit murder conviction, from two to four years imprisonment for the felonious assault conviction, and the mandatory two-year term for the felony-firearm conviction. The two sentences for the assault convictions were to run concurrently. Defendant subsequently appealed his convictions, and on January 9, 1984, this Court reversed his convictions and remanded for trial (Docket No. 68363).

A bench trial was held on October 17, 1984. The trial court acquitted defendant on the felonious assault charge, but convicted him of assault with intent to commit the crime of murder and felony-firearm. The trial judge then sentenced defendant to a term of from eighteen to thirty years imprisonment for the assault conviction and the mandatory consecutive two-year term for the felony-firearm conviction. Credit was given for 581 days already served.

On October 31, 1984, defendant filed a motion to reduce the sentence to that originally imposed by Judge Hobson. Detroit Recorder's Court Judge Samuel C. Gardner, the judge who presided over the trial and sentenced defendant, denied defendant's motion. Judge Gardner stated that the reason for the increased sentence was not vindictiveness for defendant's exercise of his right to appeal. Rather, the sentence was imposed because the judge was more aware of the gravity of defendant's offense when hearing trial testimony than was Judge Hobson, who heard only what defendant told him at the guilty plea hearing.

Defendant now appeals from his sentence as of right.

Defendant argues that the trial court erred by imposing a greater sentence for his assault conviction after remand than that which he had received

for his earlier plea-based conviction which was reversed by this Court. We disagree.

The United States Supreme Court has clearly held that imposition of a greater sentence on retrial is constitutional. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *Wasman v United States,* 468 US 559; 104 S Ct 3217; 82 L Ed 2d 424 (1984). Relying on *Pearce,* the Michigan Supreme Court has also allowed enhanced sentencing at the second proceeding. *People v Payne,* 386 Mich 84; 191 NW2d 375 (1971), rev'd on other grounds 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973). See also *People v Jones,* 403 Mich 527; 271 NW2d 515 (1978), cert den 440 US 951 (1979); *People v Mazzie,* 137 Mich App 60; 357 NW2d 805 (1984), lv gtd 422 Mich 974 (1985); *People v Van Auker (After Remand),* 132 Mich App 394; 347 NW2d 466 (1984), rev'd in part 419 Mich 918 (1984) (remanded for resentencing for reasons stated by Judge SHEPHERD in his opinion), *People v Lear,* 29 Mich App 254; 185 NW2d 166 (1970). Accord, *People v Watts,* 149 Mich App 502; 386 NW2d 565 (1986) (no presumption of prosecutorial vindictiveness). But see *People v McNeal,* 156 Mich App 379; 401 NW2d 650 (1986).

A defendant's rights are not unduly chilled by the possibility that a longer sentence will be imposed on retrial. *Chaffin v Stynchcombe,* 412 US 17; 93 S Ct 1977; 36 L Ed 2d 714 (1973); *Jones, supra,* p 539.

We conclude that, in the present case, the judge who sentenced defendant following a bench trial did not err when he sentenced defendant to a longer term than that which was also imposed by the judge who took defendant's plea.

We are very concerned with the problems that may arise when a defendant is resentenced to a longer term. First, it is possible that the resentenc-

ing judge may feel anger towards a defendant who has successfully attacked his first conviction and thus have a retaliatory motive for increasing the length of defendant's sentence. A defendant's fear of such vindictiveness may unconstitutionally deter him from exercising his constitutional right to appeal. Because of this concern, the United States and the Michigan Supreme Courts have imposed requirements on judges who increase a defendant's sentence following a successful appeal. *Pearce, supra; Payne, supra.*

In *Pearce,* after recognizing a presumption of vindictiveness, the United States Supreme Court set out requirements that the resentencing judge must abide by to ensure that a defendant's constitutional rights are protected and vindictiveness plays no role in the enhanced sentence. The Court held:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. [*Pearce,* 395 US 726.]

In *Payne,* the Michigan Supreme Court applied *Pearce* to a case very similar to the present one, in which the defendant had pled guilty and was sentenced before one judge, appealed and won the right to a trial. After the second conviction, the defendant was sentenced to a longer term in prison by a different judge of the same court who knew the length of the original sentence. The Court held that "[p]*ending clarification of Pearce's requirements* by the United States Supreme Court, we are persuaded that . . . the 'identifiable con-

duct' of the defendant upon which a resentencing judge relies on imposing a stiffer sentence must have occurred *after* the first sentencing." *Payne, supra,* p 96. (Emphasis supplied.)

The United States Supreme Court has recently provided us with clarification in *Texas v McCullough,* 475 US —; 106 S Ct 976; 89 L Ed 2d 104 (1986). The *McCullough* Court ruled that the presumption of vindictiveness is not applicable when two different authorities assessed the sentences. 89 L Ed 2d 111-112. The Court made it clear that *Pearce's* language "was never intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified." 89 L Ed 2d 112. The disclosure of information that was not presented at the first proceeding may be enough to refute the presumption of vindictiveness. 89 L Ed 2d 113.

In the present case, two different judges sentenced defendant. Therefore, under *McCullough,* a presumption of vindictiveness does not arise. In any case, even if the presumption was applicable, we would hold that it was rebutted by the trial court's identification of factors that justified a longer prison term.

The resentencing judge stated:

> As the record will show, this Court has complied with *Mazzie* and *Wasman* [requiring articulation of reasons for greater sentence] in meting out the punishment in the case at bar. At defendant's (full) trial, testimony showed that he drew a weapon and made several unsuccessful attempts to fire into a crowd of people at Hart Plaza in downtown Detroit during fireworks display without any regard to the likelihood that people could have been killed. After the gun misfired several times, defendant continued his efforts and did, in fact, at very close range shoot the victim in the chest.

In the former proceedings on the defendant's guilty plea, the trial judge did not hear the specific details of defendant's crime as this Court has heard. Thus, the gravity of the offense was not exemplified at the taking of the plea. It is for the gravity of defendant's conduct that he received the current sentence, not any vindictiveness on the part of this Court toward the defendant for exercising any and all of his rights.

The second sentencing judge did not err when he imposed the sentence of from eighteen to thirty years after the bench trial. *McCullough, supra.*

Defendant's next argument is that the trial court erred in failing to respond to defendant's claim of inaccuracies in the presentence report. A trial court has an affirmative duty to respond to allegations of inaccuracies in the presentence report. *People v Edenburn,* 133 Mich App 255, 258; 349 NW2d 151 (1983).

The following exchange took place at sentencing:

> [*Defense Counsel:*] Also, your Honor, I would like to bring to your Honor's attention the probation report has error in the facts. It isn't too serious. On the other hand, it is important in a sense, to this defendant in that it indicates that he had a juvenile record. The only record he has was one offense while a juvenile, your Honor.
>
> Also, you [sic] Honor, it indicated that while he was out on bond, the probation report indicates, while out on bond, since March the 17th of this year, up till October the 17th, when your Honor committed him to the county jail, he had had several arrests.
>
> I happen to know that is not the case, You [sic] Honor, because he had one matter, your Honor, a traffic violation warrant that he was arrested on. Then he paid a twenty-five dollar fine.
>
> While he has been out on bond in this matter, your Honor, for seven months, he has been living

with his family. He has tried to conduct himself properly. He was working, doing painting, house painting, with a man by the name of Pledge Malone, who is a house painter, and otherwise conducting himself, your Honor, in a lawful and proper manner.

I respectfully further would like to point out, your Honor, that the probation department indicated there is no mitigating circumstances. Well, there is in this case, in that he was, at the time, excited. He had been shot before, two months before. He was under the drugs that the doctor prescribed to him. He was fearful of being hurt. And, I think your Honor should consider that. I do feel, your Honor, that the trial judge, who did sentence him to five to fifteen plus the two years, certainly was influenced by the fact that he also pled guilty to the felonious assault on the police officer. Your Honor found him not guilty in this case, in the case of felonious assault on October 17th, 1984.

Therefore, your Honor, I would respectfully plead with your Honor—your Honor, we should consider giving him a lesser sentence than the five to fifteen plus the two years for the gun in this case.

*The Court:* All right.

Defendant, Mr. Curtis Sutton, do you want to say anything before sentencing?

*The Defendant:* Yes, your Honor.

We hold that this is a sufficient response to defendant's allegation of inaccuracy. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983). The response indicates that the trial court accepted defendant's allegations as true. Furthermore, the court made no reference to the alleged inaccuracies when pronouncing sentence. In fact, the trial judge stated he was basing the sentence on the present crime and then proceeded to discuss the circumstances of the crime in great detail. It is clear from the court's statements that the chal-

lenged information did not affect its sentencing decision. When the court said, "all right," it meant that it was accepting defendant's allegations as true and that it was not considering the inaccuracies when determining the sentence. *Gray, supra* ("all right" was a sufficient response). See also *People v Tew,* 151 Mich App 556, 559-560; 390 NW2d 738 (1986); *People v Brown,* 104 Mich App 803, 821; 306 NW2d 358 (1981). But see *People v Edenburn, supra* ("All right. The Court will take the comments made by counsel *into consideration* in passing sentence" [emphasis supplied] is insufficient to determine whether the court based its sentence on the alleged inaccuracy).

Defendant's final argument is that he was denied effective assistance of appellate counsel during his initial appeal because counsel failed to inform defendant that his sentence could be increased following a trial if his appeal was successful. The lower court record clearly indicates that defendant's appellate counsel adequately informed defendant of the consequences of his appeal. Counsel informed defendant that normally he would not get a higher sentence after his successful appeal, but that if defendant "misbehaved" during his appeal or trial, he could receive a longer sentence. Indeed, defendant admitted that he was so unconcerned about his appeal that he had forgotten about it until the result came out, and that his counsel never told him that his original sentence was binding. From these facts it cannot be said that counsel failed to apprise defendant of the "reasonably foreseeable" consequences of his appeal. *Evitts v Lucey,* 469 US 387; 105 S Ct 830; 83 L Ed 2d 821 (1985), reh den 470 US 1065; 105 S Ct 1783; 84 L Ed 2d 841 (1985). *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977).

Affirmed.