PEOPLE v BROOKS

Docket No. 103165. Submitted April 14, 1988, at Lansing. Decided June 8, 1988.

Denford T. Brooks pled nolo contendere in the Genesee Circuit Court to assault with intent to commit murder and possession of a firearm during the commission of a felony. In exchange, the court agreed to sentence defendant within the sentencing guidelines. The court, Thomas C. Yeotis, J., sentenced defendant to from twenty to forty years imprisonment on the assault conviction and the mandatory two-year term on the felony-firearm conviction. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's response to defendant's claimed inaccuracies in the presentence report was ambiguous. The court's response, "Okay. Anything else you want to comment on?" did not clearly indicate whether it believed that defendant's claims had merit. The case is remanded to the trial court for a response regarding the claims of inaccuracies in the presentence report and subsequent resentencing.

2. The trial court should have resolved on the record defendant's claim regarding inaccuracies in the scoring of the Sentencing Information Report. Resentencing is not required since the mitigating variable of the Sentencing Guidelines which defendant sought to apply to the case does not apply under the facts of this case and the minimum sentence recommended by the guidelines would not be changed if the report were scored as defendant alleges it should have been scored.

3. The trial court properly individualized the sentence to the defendant.

Remanded.

BEASLEY, P.J., concurred in the result only and, pursuant to *People v Clark,* 147 Mich App 237 (1985), would not review the details of the Sentencing Information Report on appeal.

1. CRIMINAL LAW — TRIAL — PRESENTENCE REPORTS.

A trial court must respond to allegations by a defendant regard-

REFERENCES

Am Jur 2d, Criminal Law §§ 541, 542, 596.

See the Index to Annotations under Criminal Law.

ing inaccuracies in a presentence report and exercise its discretion in determining whether the allegations are correct; the court may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may ignore the alleged misinformation while sentencing, but must clearly indicate that it is not considering the alleged inaccuracy.

2. CRIMINAL LAW — SENTENCING GUIDELINES — MITIGATING VARIABLE.

The Sentencing Guidelines provide a mitigating variable which, if it applies, entitles the defendant to have the offense severity level of the offense reduced; an offense is mitigated if, at the time of the offense, circumstances which are not the fault of the offender, and which would similarly provoke a reasonable person, caused the offender emotional disturbance and temporary loss of self-control and if, while so disturbed, the offender used force against the reasonably perceived source of the disturbance (Sentencing Guidelines Manual, § 15).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Robert E. Weiss*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appellate Division, and *Mark Sanford*, Assistant Prosecuting Attorney, for the people.

*Lester O. Pollak*, for defendant.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

PER CURIAM. Defendant pled no contest to assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In exchange, the court agreed to sentence defendant within the sentencing guidelines. Defendant was sentenced to twenty to forty years imprisonment on the assault count, and the mandatory two-year term on the felony-firearm count.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant appeals as of right, challenging his sentence. We remand for resentencing.

The charges arose out of an incident which occurred on November 13, 1986. Defendant and the victim had had an on-again off-again romantic relationship for many years. The victim testified at the preliminary examination that shortly before November 13, the victim told defendant that their relationship was over. Nevertheless, on the night of November 12, defendant called the victim and asked her if she would drive him to work the next morning. The victim agreed. When she arrived at defendant's apartment the next morning, defendant entered the car and asked her whether their relationship was indeed over. The victim replied that it was. Defendant then drew a .44 magnum and shot the victim three times, in the face, neck and shoulder. Defendant subsequently pled nolo contendere as indicated.

At the sentencing, defense counsel stated that the presentence report had the following three inaccuracies: (1) the report indicated that defendant had a drinking problem while, in fact, defendant had no drinking problem; (2) the report indicated that defendant had a previous conviction of using indecent, immoral, obscene and vulgar language, while defendant claimed the conviction never occurred; (3) the report indicated that defendant had spent time in jail, and defendant claimed that the only time he was in jail was for a child-support matter. Defense counsel then stated that the second inaccuracy, regarding the conviction for indecent language, would change the Sentencing Information Report. Instead of a "1" in the Prior Record Variable two box, defense counsel stated there should be a "0." Defense counsel also challenged the placing of a "3" in the Offense Variable five box, claiming that it should have been a "0"

because defendant did not carry the victim away or hold her captive. Finally, defense counsel argued that the mitigating variable of the sentencing guidelines manual should apply.

The court asked defense counsel what effect the changes in the scoring of the SIR would have on defendant's recommended minimum sentence. Defense counsel stated that the scoring changes would bring defendant from the B-III range to the A-III range. Counsel admitted that this would not affect the recommended minimum sentence, as the recommended minimum sentence was 120 to 240 months for both the A-III range and the B-III range. However, defense counsel claimed that application of the mitigating variable would make defendant fall into the A-II range, with a recommended minimum of 48 to 96 months.

The court then responded: "Okay. Anything else you want to comment on?"

On appeal, defendant first claims resentencing is required because the court did not respond to his claimed inaccuracies in the presentence report. Defendant claims that the court's response of "Okay. Anything else you want to comment on?" was insufficient. There appears to be a conflict in this Court as to whether a response by the trial court of "Okay" or "All right" is a sufficient response to alleged inaccuracies in the presentence report. In *People v Edenburn,* 133 Mich App 255, 257; 349 NW2d 151 (1983), this Court held that the response, "All right. The court will take the comments made by counsel into consideration in passing sentence" was insufficient and required resentencing. In *People v Garvie,* 148 Mich App 444, 454-55; 384 NW2d 796 (1986), lv den 426 Mich 851 (1986), this Court, citing *Edenburn,* held that the response, "All right, Defense Counsel seeks Court [sic] to disregard the juvenile record as no indica-

tion made [sic] as to whether the Defendant was represented" was insufficient and required resentencing. However, in *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983), this Court held that the response, "All right. Any other corrections or objections that you have, Mr. Gray?" was sufficient. *Gray* was followed in *People v Sutton,* 158 Mich App 755, 762-63; 405 NW2d 209 (1987), lv den 429 Mich 871 (1987), where the trial court said, "All right. [Defendant] . . . do you want to say anything before sentencing?" This Court held this was sufficient. This Court distinguished *Edenburn,* noting that in *Edenburn* the trial court had said only that it would take defense counsel's comments *into consideration* in passing sentence. In *People v Tew,* 151 Mich App 556, 559-560; 390 NW2d 738 (1986), this Court stated:

> This Court has developed three approaches in dealing with such situations. The first is to view the acknowledgement of the alleged inaccuracy as a sufficient response. *People v Gray,* 125 Mich App 482, 487; 336 NW2d 491 (1983). The second is to remand for a hearing at which the trial court determines whether the challenged information affected its sentencing decision. *People v Brown,* 104 Mich App 803, 821; 306 NW2d 358 (1981) (opinion of Judge GILLIS), rev'd on other grounds 412 Mich 913; 317 NW2d 189 (1982). The third is to remand for resentencing. *People v Edenburn,* 133 Mich App 255, 258; 349 NW2d 151 (1983).

The *Tew* Court chose to remand for a hearing to determine whether the alleged inaccurate information affected the sentence.

We feel that the court's response of "Okay" in the instant case was ambiguous. It is well established that when a defendant raises inaccuracies in the presentence report the court must respond

to the allegations and exercise its discretion in determining whether the allegations are correct. *Edenburn, supra,* p 257; *People v Harvey,* 146 Mich App 631, 636; 381 NW2d 779 (1985). The court may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may ignore the alleged misinformation while sentencing. The court must clearly indicate that it is not considering the alleged inaccuracy. *Gray, supra,* p 487. In the instant case, we cannot determine whether the court's response of "Okay" meant that the court was agreeing with defense counsel's comments or merely indicating that it heard defense counsel. The court's response does not clearly indicate whether it believed that defendant's claims had merit. Thus, we find it necessary to remand this case to the trial court for response by the trial judge regarding the claims of inaccuracies in the presentence report made by defendant, and subsequent resentencing. *Edenburn, supra,* p 258.

Next, defendant claims resentencing is required because the court did not respond to his claimed inaccuracies in the scoring of the SIR. The allegedly improper scoring of Prior Record Variable two and Offense Variable five does not warrant resentencing, however, as defense counsel admitted it would not affect the recommended minimum, which was 120 to 240 months for both A-III and B-III.

While defense counsel argued that the mitigating variable of the Sentencing Guidelines Manual should apply, the prosecutor argued it should not. The mitigating variable provides:

> The offense is mitigated if one or more of the following circumstances existed at the time of the offense.

* * *

ii. *Provocation/Passion*—Circumstances which are not the fault of the offender, and which would similarly provoke a reasonable person, caused the offender emotional disturbance and temporary loss of self-control; while so disturbed, the offender used force against the reasonably perceived source of the disturbance. [Sentencing Guidelines Manual, § 15.]

If the mitigating variable applies, a defendant is entitled to have the offense severity level reduced. *Id.* In the instant case, if defendant could use the mitigating variable, he would be scored in the A-II range rather than in the A-III range, giving him a recommended minimum sentence of 48 to 96 months. Defense counsel argued that the mitigating variable applied because, due to defendant's continuing spat with the victim, his level of passion was very high and he was not thinking rationally at the time of the shooting. The court did not verbally resolve the question. However, since the court later stated that the guidelines provided a minimum recommended sentence of 120 to 240 months, the trial judge impliedly rejected defense counsel's contention. We emphasize that the trial court should have resolved the question on the record. However, we feel that resentencing is not required on this issue, since we hold that the mitigating variable does not apply under the facts of this case. Defendant did not demonstrate that the circumstances of his assault upon the victim were not his fault, nor that a reasonable person would be provoked to act as he did. Indeed, were the mitigating variable allowed to apply, any person who got into an argument and shot another would be able to claim that this variable applied, thus reducing his sentence. We do not believe the sentencing guidelines intended such a result.

Finally, defendant claims that, in imposing sentence, the court relied exclusively on the severity of the offense and failed to individualize the sentence to him. On the contrary, the record reveals that besides noting the seriousness of the incident, the court stated that defendant was a threat to the community. In addition, the court stated that it hoped defendant could get any necessary psychiatric treatment he needed in prison. We see no basis for resentencing on this issue.

Remanded.

BEASLEY, P.J., concurred in the result only and, pursuant to *People v Clark,* 147 Mich App 237; 382 NW2d 759 (1985), would not review the details of the Sentencing Information Report on appeal.