PEOPLE v HOYT

Docket No. 107828. Submitted April 4, 1990, at Lansing. Decided
September 17, 1990.

Frederick J. Hoyt was convicted of two counts of assault with
intent to commit great bodily harm less than murder and two
counts of possession of a firearm during the commission of a
felony, following a jury trial in Calhoun Circuit Court, Paul
Nicolich, J. Defendant was sentenced to prison terms of from
eighty months to ten years on the assault convictions and two
years on the felony-firearm convictions. Defendant appealed.

The Court of Appeals *held:*

1. The court was obligated at the time of sentencing to
respond to defendant's claims of inaccuracies in the presen-
tence report. Because the trial court's determination with
respect to the challenges to the presentence report is not clear
from the record, a remand for resentencing is necessary.

2. The sentences imposed do not shock the conscience of the
Court of Appeals.

3. Error, if any, in the admission of evidence of defendant's
prior convictions was harmless.

4. Defendant was not denied effective assistance of counsel.

Conviction affirmed but remanded for resentencing.

1. CRIMINAL LAW — TRIAL — PRESENTENCE REPORTS.

A trial court must respond to allegations by a defendant regard-
ing inaccuracies in a presentence report and exercise its discre-
tion in determining whether the allegations are correct; the
court may hold an evidentiary hearing to determine the re-
port's accuracy, may accept the defendant's unsworn statement,
or may ignore the alleged misinformation while sentencing, but
must clearly indicate that it is not considering the alleged
inaccuracy.

2. CRIMINAL LAW — TRIAL — PRESENTENCE REPORTS.

The Court of Appeals, where confronted with a record which is

REFERENCES
Am Jur 2d, Criminal Law §§ 527, 596, 597.
See the Index to Annotations under Sentence and Punishment.

ambiguous as to whether the sentencing court accepted a defendant's claims of inaccuracy in a presentence report, should remand for resentencing at which time the court should clearly state its action with respect to the challenged information.

*Frank J. Kelley*, Attorney General, *Gay Secor Hardy*, Solicitor General, *Conrad J. Sindt*, Prosecuting Attorney, and *Daniel R. Buscher*, Assistant Prosecuting Attorney, for the people.

*William D. Renner, II*, and Frederick J. Hoyt, in propria persona, for defendant on appeal.

Before: WAHLS, P.J., and MARILYN KELLY and G. S. ALLEN,* JJ.

PER CURIAM. On June 30, 1987, following a jury trial in Calhoun Circuit Court, defendant was convicted of two counts of assault with intent to commit great bodily harm less than murder, MCL 750.84: MSA 28.279, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On August 12, 1987, defendant was sentenced to eighty months to ten years imprisonment for each assault conviction and two years imprisonment for each felony-firearm conviction. Defendant appeals by right from his convictions, contending that the trial court abused its discretion by allowing defendant to be impeached with his prior felony convictions and that defendant was denied effective assistance of counsel. In addition, defendant appeals by right from his sentences, contending that the trial court failed to respond to defendant's allegations of inaccuracies in the presentence report and that the sentences should shock this Court's conscience. We

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

affirm defendant's convictions, but reverse and remand for resentencing.

I

On July 14, 1986, defendant and his friends, Mario Barroso and Grover Lowe, went to a bar. A group of ironworkers, including Max Huntoon and Daniel Marshall, were at the same bar. Later in the evening, defendant, Barroso and Lowe began arguing with Huntoon and Marshall. The dispute eventually moved outside where Huntoon and another ironworker began beating Barroso and Lowe. Defendant fled the scene momentarily. When defendant returned he was carrying a gun. Huntoon lunged toward defendant, and defendant shot him. Defendant then fired three shots into a crowd. One of those shots struck Marshall.

II

We will first address defendant's contention that the trial court failed to respond to defendant's claim of inaccuracies in his presentence report since it is defendant's only meritorious claim.

It is well settled that the use of inaccurate information at sentencing may violate defendant's constitutional right to due process. US Const, Am XIV; Const 1963, art 1, § 17; *People v Fleming,* 428 Mich 408, 431; 410 NW2d 266 (1987) (opinion by BOYLE, J.), citing *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); see also *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981); *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971). Accordingly, MCL 771.14(5); MSA 28.1144(5), as amended by 1982 PA 61, provides:

At the time of sentencing, either party may

challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record and the presentence investigation report shall be amended and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections.

The Michigan Court Rules at the time of sentencing in this case also provided that "[b]oth parties must be given an opportunity at the time of sentencing to explain or controvert any factual representations in the presentence report." MCR 6.101(K). Unfortunately, this Court has not been consistent in its approach to defendants' claims that the trial court did not respond to alleged inaccuracies in the presentence report. See *People v Tew,* 151 Mich App 556, 559-560; 390 NW2d 738 (1986) (noting "three approaches in dealing with this situation"). Compare *People v Gray,* 125 Mich App 482; 336 NW2d 491 (1983), and *People v Sutton,* 158 Mich App 755; 405 NW2d 209 (1987), lv den 429 Mich 871 (1987), with *Tew, supra,* and with *People v Edenburn,* 133 Mich App 255; 349 NW2d 151 (1983), *People v Garvie,* 148 Mich App 444; 384 NW2d 796 (1986), lv den 426 Mich 851 (1986), and *People v Brooks,* 169 Mich App 360; 425 NW2d 555 (1988) (each group applying a different one of the three approaches). This inconsistency apparently has led to the failure of sentencing courts to consistently respond adequately to defendants' allegations of inaccuracies in presentence investigation reports.

We follow the analyses in *Edenburn, Garvie,* and *Brooks,* since they most closely follow the

requirements of the statute providing for presentence investigation reports, MCL 771.14; MSA 28.1144. In *Brooks, supra,* pp 364-365, this Court wrote:

> [W]hen a defendant raises inaccuracies in the presentence report the court must respond to the allegations and exercise its discretion in determining whether the allegations are correct. The court may hold an evidentiary hearing to determine the report's accuracy, may accept the defendant's unsworn statement, or may ignore the alleged misinformation while sentencing. The court must clearly indicate that it is not considering the alleged inaccuracy. [Citations omitted.]

In *Edenburn, supra,* p 258, this Court wrote:

> We hold that the duty of the trial judge to respond involves something more than acknowledging that he has heard the defendant's claims regarding the contents of a presentence report. He must indicate, in exercising his discretion, whether he believes those claims have merit.

The court must make a finding on defendant's challenge on the record, and, when it finds challenged information to be inaccurate or irrelevant, it must strike that information from the presentence investigation report before sending it to the Department of Corrections. We note that the recently amended Rules of Criminal Procedure, MCR 6.001 *et seq.* (effective October 1, 1989), adopts a consistent approach. See MCR 6.425(A)-(D).

In this case, after defendant challenged the accuracy of certain information in the presentence report, the court stated:

> All right. Is there anything you wish to say before I impose sentence?

In *Brooks, supra,* pp 364-365, we held that a similar response, "okay," was ambiguous since we could not determine whether the court's response meant that the court was agreeing with the defendant's comments or merely indicating that it heard the defendant. Likewise, we hold that the court's response in this case was ambiguous.

It may well be that the court accepted defendant's claims, or considered some of the challenged information irrelevant. And the court may have been addressing defendant's claim that part of the report's version of the incident was inaccurate when the court later stated that "the jury heard the evidence and rendered their verdict based upon what they believed the true facts were, . . . and they [found] you guilty." On the other hand, there is no indication in the record that the court struck any of the challenged information from the report as inaccurate or irrelevant. For this Court to conclude on this record that the court found the information inaccurate or irrelevant, and that it did not consider any of the challenged information when exercising its sentencing discretion, would be engaging in mere speculation. Cf. *People v Swartz,* 171 Mich App 364, 380; 429 NW2d 905 (1988) (court explained that it did not consider challenged information, but failed to strike from report).

Since the court did not make a clear indication on the record that it was not considering the challenged information, we must remand for re-sentencing at which time the court must resolve any challenge to the accuracy of information in the presentence report. The court is directed to follow the new court rule, MCR 6.425, and the statute, MCL 771.14; MSA 28.1144, in light of the analysis in this opinion.

III

Next, defendant contends that the sentences

imposed by the sentencing court should shock this Court's conscience.

The sentences were within the appropriate sentencing guideline range and do not shock our conscience. *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987); *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

IV

Next, defendant contends that his convictions must be reversed because the trial court abused its discretion by admitting evidence of defendant's prior convictions for impeachment purposes.

Assuming that the trial court abused its discretion in admitting evidence of defendant's prior convictions of malicious destruction of property and gross indecency, the error does not require reversal. Several witnesses, including defendant, testified to the events surrounding the shootings which support defendant's convictions. In our opinion, no reasonable juror would have voted to acquit defendant but for the improper impeachment. Therefore, the admission of defendant's prior convictions was harmless. *People v Clemons,* 177 Mich App 523, 527; 442 NW2d 717 (1989); MCR 2.613(A).

V

Last, defendant contends that he was denied effective assistance of counsel in his defense because his counsel failed to call Lowe and Barroso to testify at trial.

The decision whether to call witnesses is a matter of trial strategy which can constitute ineffective assistance of counsel only when the failure to

do so deprives the defendant of a substantial defense. *People v Julian,* 171 Mich App 153, 159; 429 NW2d 615 (1988). Clearly, Lowe's and Barroso's testimony would not have aided defendant's defense of self-defense since they did not see what was happening during the fight. Moreover, Lowe's and Barroso's testimony would not have aided defendant's defense of defense of others since defendant clearly testified at trial that the fight had already ended when he returned. (Also, recall defendant's challenge to the accuracy of information in the presentence report.) In other words, defendant could not claim to have acted on the honest belief that his friends were in danger of serious injury or death because, according to his own testimony, his friends were not in danger. Thus, defendant was not deprived of a substantial defense.

Defendant's convictions are affirmed; his sentences are reversed and this case is remanded for resentencing.