*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS WAYNE RAYMOND,

        Defendant-Appellant.

UNPUBLISHED
June 24, 2021

No. 351432
Gogebic Circuit Court
LC No. 2019-000029-FH

Before: STEPHENS, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant to serve 3 to 10 years' imprisonment. Defendant appeals as on leave granted,[1] arguing that his presentence investigation report (PSIR) contained inaccurate information and that the trial court erred by assessing 10 points for offense variable (OV) 19. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant testified at his plea hearing that in January 2019 he was given methamphetamine in a bag. Defendant testified that he used some of the methamphetamine and that there was some residue left in the bag. Defendant returned to his motel room, took the bag out of his pocket, and put it into a drawer. A police sergeant and a police officer were dispatched to defendant's motel room because defendant was yelling. When the officers went to defendant's room, they could see he was sleeping but flailing his arms, moving from side to side, and yelling. The sergeant called defendant's name and he appeared to wake up. The sergeant asked defendant if they could come in, and defendant agreed.

The sergeant asked defendant whether he had used any drugs, and defendant initially denied using any drugs aside from marijuana, but subsequently told the officers that he had used

---

[1] *People v Raymond*, 506 Mich 857; 946 NW2d 285 (2020).

methamphetamine "maybe" three or six days ago or possibly the previous night. The officer administered a urine test, which was positive for THC, amphetamine, methamphetamine, and ecstasy. Defendant consented to a search of the motel room and the sergeant found a bag in defendant's night stand with a small amount of a white crystalline substance, which he believed was methamphetamine. He asked defendant about the bag, and defendant stated that he did not know where the bag came from and that he thought someone had been in his room because things were out of place. Defendant was taken into custody for use of methamphetamine.

Defendant pleaded guilty to possession of methamphetamine in exchange for the dismissal of a charge of use of methamphetamine, the dismissal of a fourth-offense habitual-offender notice, and the prosecution's agreement that defendant would be sentenced within the sentencing guidelines. At sentencing, the trial court assessed 10 points for OV 19 on the basis that defendant gave the police false information because defendant initially denied using any drugs aside from marijuana, and instead told them he did not know where the bag of methamphetamine came from and suggested someone else was in his room. This appeal followed.

## II. ACCURACY OF THE PSIR

Defendant argues that his PSIR contained inaccurate information because defendant did not provide a false version of events and did not misrepresent the source of the methamphetamine to the police or lie about which drugs he used. We disagree.

## A. STANDARD OF REVIEW

"[T]he use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process." *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990). We review de novo issues of constitutional law. *People v Kennedy*, 502 Mich 206, 213; 917 NW2d 355 (2018). "A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). If a sentence is based on inaccurate information, then it is invalid. *Id*. There is a presumption "that the information contained in the PSIR is accurate unless the defendant raises an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). The defendant bears the burden of effectively challenging the information in the PSIR when he or she challenges the accuracy of his or her PSIR. *Id*.

## B. ANALYSIS

In this case, the PSIR stated:

> OV 19 was scored as 10 points due to the Defendant attempting to mislead law enforcement to believe that someone else put the methamphetamine in his room. The Defendant admitted that he had the bag in his pocket prior to emptying his pockets during the PSI interview. The Defendant also denied using anything other than marijuana when he was first questioned by law enforcement.

Defendant argues that he was confused when he spoke to the police because they woke him up in the middle of a sleep terror, and that he never provided a false version of events. However, defendant has not provided any evidence that he suffers from sleep terrors or was confused when he spoke to the police officers, and he therefore cannot establish that the PSIR inaccurately stated that he provided a false version of events on that basis. See *People v Odom*, 327 Mich App 297, 314; 933 NW2d 719 (2019) (concluding that the defendant's claim his PSIR was inaccurate was meritless because he failed to present evidence to support his claim). Further, defendant concedes in his appellate brief that it was not clear whether he had experienced a sleep terror, and he further indicates that his state of lucidity when he spoke to the police was unknown.

Defendant also challenges statements in his PSIR indicating that he lied to the police regarding which drugs he used and that he misrepresented the source of the methamphetamine. Because there is contrary information in the PSIR, based upon police reports we cannot find error. The police report indicates that defendant told the police officers that he did not know where the bag of methamphetamine came from and that he thought someone was in his room because things were out of place. Additionally, at his plea hearing, defendant testified that he was given the bag of methamphetamine, took it to his room, and placed it in the drawer, supporting a conclusion that he indeed lied to the police officers. Because defendant has not met his burden to establish that his PSIR was inaccurate, he has not effectively challenged the information in his PSIR. See *Lloyd*, 284 Mich App at 705.

## III. OV 19

Defendant argues that the trial court erred by assessing 10 points for OV 19. We disagree.

## A. STANDARD OF REVIEW

We review de novo whether the trial court's interpretation and application of the legislative sentencing guidelines was proper. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). On appeal, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. (quotation marks and citation omitted). Clear error occurs "when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). A court may consider "all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination," when calculating the sentencing guidelines. *Id*.

## B. ANALYSIS

OV 19 addresses "threat[s] to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. Ten points are assessed for OV 19 when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). For the purposes of OV 19, "interfere with the administration of justice" means "to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *Sours*, 315 Mich App at 349 (quotation marks and citation omitted). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Id*.

Interference with the administration of justice includes, but is not limited to, acts that constitute obstruction of justice. *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010). In addition, the defendant's conduct does not have to rise to the level of a chargeable offense to constitute interference with the administration of justice. *People v Barbee*, 470 Mich 283, 287; 681 NW2d 348 (2004). OV 19 may be scored for conduct that interferes with the investigation of a crime because "investigation of crime is critical to the administration of justice." *Id*. at 288.

Defendant argues that he did not intentionally lie to the police, but instead was confused because the police woke him up suddenly from a sleep terror. Defendant also argues that he first admitted to using only marijuana before he was coherent, and that it is improper to assess 10 points for OV 19 based on an incomplete answer. However, there is record evidence to the contrary, as noted before, there are contrary statements in the police reports and there is no support for the diagnosis of sleep terror. The trial court had a basis for its finding that defendant interfered with the administration of justice because he interfered with the police officers' investigation by providing false information regarding his drug use and the source of the methamphetamine. See *Barbee*, 470 Mich at 288 (concluding that the defendant interfered with the administration of justice by providing a false name to the police). Thus, the trial court did not err in scoring 10 points for OV 19.

We affirm.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien