*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID MAURICE LYONS,

        Defendant-Appellant.

UNPUBLISHED
March 2, 2023

No. 354279
Macomb Circuit Court
LC No. 2013-000809-FC

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant, David Lyons (also known as David Lyons-Bey), was convicted of four offenses
in 2013. He appealed to this Court, which affirmed his convictions.[1] Defendant later filed a
petition for a writ of habeas corpus in the United States District Court for the Eastern District of
Michigan, challenging the validity of his convictions, which the court denied.[2] Defendant
appealed that decision to the United States Court of Appeals for the Sixth Circuit. Before a
decision was reached, the parties stipulated that one of defendant's convictions would be vacated
and that he would be resentenced in state court on the remaining convictions. As a result of that
agreement, the Sixth Circuit Court of Appeals entered an order dismissing the case.[3] Thereafter,
the trial court resentenced defendant on his convictions of assault with intent to do great bodily
harm less than murder, MCL 750.84(1)(a), armed robbery, MCL 750.529, and conspiracy to
commit armed robbery, MCL 750.157a and MCL 750.529. This appeal by right follows. We

---

[1] *People v Lyons*, unpublished per curiam opinion of the Court of Appeals, issued October 22,
2015 (Docket No. 319252).

[2] *Lyons-Bey v Campbell*, opinion of the United States District Court for the Eastern District of
Michigan, issued February 14, 2018 (Case No. 5:16-cv-13797).

[3] *Lyons-Bey v Sprader*, order of the United States Court of Appeals for the Sixth Circuit, entered
July 2, 2020 (Case No. 18-1429).

affirm for the reasons stated in this opinion, but remand for the ministerial task of correcting the presentence investigation report (PSIR).

## I. RESENTENCING

## A. STANDARD OF REVIEW

Defendant contends that he is entitled to resentencing because the PSIR was "stale" and did not include an updated interview with him. He also argues that the PSIR used at his resentencing contained false and inaccurate information. "[T]he use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process." *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990). We review de novo issues of constitutional law. *People v Kennedy*, 502 Mich 206, 213; 917 NW2d 355 (2018).

## B. ANALYSIS

Presentence reports are required for every felony case in Michigan. MCL 771.14(1). Such reports must include the information listed in MCL 771.14(2)(a)-(h) and MCR 6.425(A)(1). If a defendant is resentenced, a reasonably updated PSIR may be required. *People v Hemphill*, 439 Mich 576, 580-581; 487 NW2d 152 (1992). For example, updated PSIRs have been required in cases where several years elapsed prior to resentencing, when the original PSIR was prepared in connection with an unrelated offense, and when the defendant's circumstances had substantially changed. *Id*. Although a defendant may not waive a presentence report, a defendant may waive the right to a reasonably updated PSIR so long as the prior PSIR does not contain "information that [is] manifestly stale." *Id*. at 581-582. An updated report, like an original report, "must be complete, accurate, and reliable." See *People v Triplett*, 407 Mich 510, 515; 287 NW2d 165 (1981).

It is presumed "that the information contained in the PSIR is accurate unless the defendant raises an effective challenge." *People v Lloyd*, 284 Mich App 703, 705; 774 NW2d 347 (2009). The defendant bears the burden of effectively challenging the information in the PSIR when he or she challenges the accuracy of his or her PSIR. *Id*. The trial court must respond if a defendant challenges the accuracy of the PSIR. *Id*.

In this case, an updated report was prepared for defendant's resentencing. The updated report included information related to the 2019 legal proceedings in the federal courts that led to defendant's resentencing on the three remaining convictions. The resentencing hearing was held over two days. On the first day of the resentencing hearing, defendant's lawyer stated that he had reviewed the updated PSIR with defendant. He then identified specific portions of the report that defendant believed to be inaccurate. For example, he challenged the accuracy of statements relating to the number of prior felonies that defendant had, to defendant's substance-use history and reluctance to discuss it, to references to defendant being at a juvenile detention facility, and to the use of "Lyons" as opposed to "Lyons-Bey" to identify defendant. He also noted that, at the time of the offense, defendant had been employed by his cousin, not his nephew. In response to each challenge, the trial court determined whether the information was accurate, whether it needed to be corrected, or whether further information and discussion would be helpful. The court then

adjourned the hearing to allow for additional disputes involving the accuracy of the PSIR to be discussed among defense, the prosecution, and the probation department.

At the continued resentencing hearing, defendant's lawyer indicated that there were additional clerical errors in the updated PSIR that he had requested the probation department to correct. The court inquired as to the status of those requested changes and the probation officer stated that those clerical errors—which included inaccuracies in defendant's marital status, religion, and family history—would be corrected in the final report. The only requested alteration that the probation officer questioned was whether to include a statement that defendant had indicated that his current legal name was "Lyons-Bey" as opposed to "Lyons." She agreed that "Lyons-Bey" was not an alias and that the report referred to defendant as "Lyons" so that the report would be consistent with the court records, all of which referred to defendant as "Lyons." With regard to the substance-abuse history, the court agreed that the information appeared to be accurate, and defendant's lawyer agreed with the court's assessment. The parties also discussed whether defendant was represented by a lawyer for a prior offense. The court found that the documentation supported that defendant did have a lawyer. Finally, they discussed the computation of jail credit and agreed upon a total number of days. Thereafter, the court asked defendant's lawyer if "those are all the corrections that" the lawyer and defendant wanted to make on the PSIR. Defendant's lawyer affirmed that those were the only corrections requested.

After being resentenced, defendant filed a motion to correct an invalid sentence. In the motion, he identified a number of alleged inaccuracies in the updated PSIR. On appeal, defendant contends that the inaccuracies identified in that motion entitle him to resentencing. He offers no further analysis in support of his position. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Accordingly, we conclude that his argument is abandoned.

Nevertheless, we have reviewed the alleged inaccuracies identified in defendant's motion to correct an invalid sentence. Based on the resentencing hearings, many of the errors were supposed to be corrected, either as the result of agreement between the defense and the probation department or as a result of the court resolving a factual dispute and directing that certain language be included in the report. The "corrected copy" of the PSIR that has been provided to this Court, however, does not reflect that all of those changes were in fact made. "If the courts finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the presentence investigation report shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections." MCL 771.14(6). Likewise, it is axiomatic that if the probation department represents to the court that certain changes will be made to the PSIR per an agreement between the defense and the probation department, those changes must, in fact, be made before the report is transmitted to the department of corrections. "[I]t is imperative that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report" because "[t]he Department of Corrections "relies on the information contained in the PSIR to make critical decisions regarding a defendant's status." *Lloyd*, 284 Mich App at 705-706. As a result, remand for the ministerial task of correcting the PSIR is, therefore, required.

Defendant next contends that the PSIR was not "reasonably" updated because the PSIR did not include an updated interview with him. He cites no authority for the proposition that an updated PSIR must include an updated interview, nor does he explain what additional information would have been divulged during an updated interview. Instead, the entirety of his argument relating to the lack of an update interview is to note that a reasonably updated PSIR can be required for resentencing and to note that the "PSI report used during the resentencing did not have an updated interview with [defendant]" and that the interview included in the PSIR was "over 7 years old." Because defendant has not offered any meaningful analysis of the relevant facts and law, this Court will treat the claim as abandoned on appeal. See *id*.

## II. DENIAL OF BOND PENDING APPEAL

Defendant next argues that the trial court erred by denying his motion for bond pending appeal. We decline to address this issue because it is moot. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004). The Michigan Department of Corrections' Offender Tracking Information Service website indicates that defendant was paroled on August 9, 2022.[4] Because defendant has been paroled, this Court cannot fashion any relief, even if there was error.

## III. SCOPE OF APPEAL

None of defendant's remaining claims, which concern issues related to defendant's arraignment and trial, are properly before this Court on appeal because they are outside the scope of the parties' stipulated agreement in the federal court. The stipulated agreement provides:

1. [Defendant's] conviction for Conspiracy to Commit Assault with Intent to Do Great Bodily Harm Less Than Murder will be vacated and reversed.

2. [Defendant's] three other convictions (Armed Robbery, Conspiracy to Commit Armed Robbery, and Assault with Intent to Do Great Bodily Harm Less Than Murder) shall remain in place, but the agreement to resolve the Sixth Circuit appeal will not limit [defendant's] right to raise any issues or arguments with respect to those three other convictions *at resentencing* before this Court.

3. This Court will resentence [defendant] with respect to his remaining convictions.

4. After resentencing is complete, [defendant] will move in the U.S. Court of Appeals for the Sixth Circuit to dismiss his federal habeas appeal, Lyons-Bey v. Sprader, No. 18-1429 (6th Cir.).

---

[4] Michigan Department of Corrections, Michigan Offender Tracking Information System, < https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=231703> (accessed February 7, 2023).

5. [Defendant] further agrees that he will not file any additional appeals, motions, or habeas corpus petitions in any state or federal court that raise the clams he has already raised on appeal and in federal habeas petition. However, this agreement does not preclude [defendant] from raising any claim, issue, or argument, regardless of whether previously raised, i*n connection with this resentencing proceeding, or to challenge the resulting sentence, or to file any appeals, postconviction proceedings, or habeas petitions relating to this resentencing proceedings of the resulting sentence*.

6. This agreement does not prejudice [defendant's] ability to file new actions, appeal, motion, or habeas petition that raise new claims, or new actions, appeals, motions, or habeas petitions based on newly discovered evidence, although the People do not, by this agreement, waive any defenses they may have to such claims, including but not limited to any defenses under MCR 6.502(G) or MCR 6.508(D)(3). [Emphasis added.]

Based on the plain language of this agreement, defendant agreed that the remaining convictions "shall remain in place," but that he was not precluded from raising arguments related to the resentencing of those convictions or from raising issues related to those convictions on the basis of newly-discovered evidence.[5]

Because the clear intent of the agreement concerned only the trial court's resentencing on the remaining convictions, the agreement limited any arguments to potential claims arising from resentencing or newly-discovered evidence. Defendant's challenges to the validity of his convictions is not based on newly-discovered evidence, nor are they related to issues arising from the sentencing process. Thus, defendant's remaining claims, which are outside the scope of the resentencing proceeding, were not properly before the trial court and we decline to review them. See, e.g., *People v Jones*, 394 Mich 434, 435; 231 NW2d 649 (1975) (indicating that an appeal from a resentencing is limited to the resentencing proceedings). Defendant has not offered an explanation or supporting authority for how, contrary to the parties' stipulated agreement, this Court could properly consider issues that are unrelated to his resentencing (and not based on newly-discovered evidence). We conclude that, because the parties stipulated to resentencing, the scope of defendant's appeal is limited to issues arising from his resentencing or to claims arising from newly-discovered evidence. Accordingly, we decline to review defendant's remaining claims because they are outside the scope of the resentencing proceedings as limited by the parties stipulated agreement.

Moreover, even if—as defendant asserts on appeal—the parties had agreed that defendant could challenge any aspect of his conviction during the resentencing proceeding, we would not review defendant's challenge to his convictions. The fact that a defendant has a second appeal as of right from a resentencing order, *Jones*, 394 Mich at 436, does not mean that any challenge to the defendant's conviction can then be argued in such an appeal. Rather, the issues on appeal following a resentencing hearing are limited to the issues arising from resentencing. Here, the

---

[5] Defendant does not raise any claim based on newly-discovered evidence.

issues that defendant seeks to raise to challenge his appeal could have been raised in his first appeal as of right. Thus, even if the parties agreement could fairly be interpreted to allow defendant to raise any conceivable challenge to his original convictions, we will not indulge defendant's untimely appellate challenges.

Affirmed, but remanded for the ministerial task of correcting the PSIR. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan