PEOPLE v BROOKS

Docket No. 312639. Submitted February 5, 2014, at Detroit. Decided
February 18, 2014, at 9:00 a.m. Leave to appeal sought.

Randall D. Brooks pleaded no contest to unarmed robbery, MCL
750.530, in the Monroe Circuit Court. The court, Michael W.
Labeau, J., sentenced defendant to 8 to 40 years' imprisonment.
When scoring the sentencing guidelines, the court assessed 15
points for offense variable (OV) 1, MCL 777.31, which concerns the
aggravated use of a weapon. Defendant appealed by delayed leave
granted.

The Court of Appeals *held*:

Under OV 1, 15 points must be assessed when a firearm was
pointed at or toward a victim or the victim had a reasonable
apprehension of an immediate battery when threatened with a
knife or other cutting or stabbing weapon. Alternatively, 5 points
must be assessed if a weapon was only displayed or implied.
"Threaten" means to be a source of danger to, or to indicate
impending evil, mischief, or difficulty. "Display" means to show,
exhibit, or make visible. Whether the display of a knife constitutes
a threat is highly context specific. The fact that a weapon is
apparently present, by sight or implication, in the abstract war-
rants the assessment of 5 points under MCL 777.31(1)(e). To
warrant the assessment of 15 points under MCL 777.31(1)(c),
there must be some reason for the victim to reasonably perceive
that the weapon will be used against the victim. A threat exists
when a knife is used for the purpose of suggesting to the victim a
menace or source of danger. In this case, the trial court did not
clearly err when it found that defendant threatened the victim
with a knife even though defendant did not point the knife at the
victim. There was evidence that defendant had a readily apparent
knife that he attempted to pull out of his sock. In the context of the
robbery, defendant's actions suggested that he was about to use
the knife to inflict harm on the victim. The assessment of 15 points
for OV 1 was appropriate.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE ONE — AGGRAVATED USE OF A WEAPON — KNIVES — THREATENED.

> Under offense variable (OV) 1 of the sentencing guidelines, 15 points must be assessed when a firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon; "threaten" means to be a source of danger to, or to indicate impending evil, mischief, or difficulty; to warrant the assessment of 15 points under OV 1, there must be some reason for the victim to reasonably perceive that the weapon will be used against the victim; a threat exists when a knife is used for the purpose of suggesting to the victim a menace or source of danger; the defendant need not have pointed the knife at the victim to warrant the assessment of 15 points under OV 1 (MCL 777.31).

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *William P. Nichols*, Prosecuting Attorney, and *Michael C. Brown*, Assistant Prosecuting Attorney, for the people.

*Wendy Barnwell* for defendant.

Before: MURPHY, C.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM. Defendant pleaded no contest to unarmed robbery, MCL 750.530, and was sentenced to 8 to 40 years' imprisonment. He appeals by leave granted, arguing that his sentencing guidelines score should be reduced. Specifically, he argues that he should have been assessed 5 points for Offense Variable (OV) 1 rather than 15 points, on the theory that he never threatened anyone with a knife, but rather merely displayed or implied the knife. We disagree and affirm.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is

left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). This Court reviews de novo whether the facts, as found by the sentencing court, are adequate to satisfy the scoring conditions prescribed by statute. *Hardy*, 494 Mich at 438. Accordingly, the lower court's factual finding that defendant attempted to pull a knife out of his sock is reviewed for clear error. The application of the statutory scoring conditions to that finding is reviewed de novo.

"Offense variable 1 is aggravated use of a weapon." MCL 777.31(1). See also *People v Morson*, 471 Mich 248, 256; 685 NW2d 203 (2004). Pursuant to OV 1, 15 points must be assessed when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). Alternatively, pursuant to OV 1, 5 points must be assessed if "[a] weapon was displayed or implied." MCL 777.31(1)(e). Defendant does not contend that "[n]o aggravated use of a weapon occurred." MCL 777.31(1)(f). Indeed, there is no dispute that the victim—the cashier at the gas station where the robbery took place—had a reasonable apprehension of an immediate battery. Therefore, the issue before this Court is whether a knife was used to threaten the victim, or if the knife was merely displayed or implied without a threat.

Michigan Courts have not previously considered what actions constitute a threat under MCL 777.31(1)(c), versus a mere display of a weapon under MCL 777.31(1)(e). Consequently, this is an issue of first impression. Words not defined by statute are given their plain and ordinary meanings, and consulting a dictionary to ascertain those meanings is proper. *Koontz v*

*Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). *Random House Webster's College Dictionary* (1997) defines "threaten" as "to be a menace or source of danger to" or "to indicate impending evil, mischief, or difficulty." "Display" is defined as "to show or exhibit; make visible." *Id.*

Clearly, whether displaying something would constitute a threat must be highly context specific. For example, a box cutter displayed while opening one's mail would not likely suggest a source of danger to an observer, because in that context it is unambiguously being used as a tool. Or a sales clerk in a store that sells knives showing a knife to a customer would not likely suggest a source of danger to a customer, because in that context it is merely an item of commerce. How the knife was used to threaten or how it was displayed must also be put in context here, a case involving a crime that *by definition* entails the defendant "us[ing] force or violence against any person who is present, or . . . assault[ing] or put[ting] the person in fear . . . ." MCL 750.530(1). The situational context in this case would suggest that the presence of the knife was not benign.

Significantly, MCL 777.31(1) explicitly distinguishes "threaten[ing]" from "display[ing]." Furthermore, MCL 777.31(1)(c) indicates that the threat is associated with, if not the proximate cause of, the victim reasonably apprehending an immediate battery. Finally, it is instructive that although MCL 777.31(1)(c) and (e) are both phrased in the passive voice, the former necessitates the victim's involvement in some way, whereas the latter does not. We conclude that the minimum distinction between the two circumstances is whether the defendant in any way suggests, by act or circumstance, that the weapon might actually be used against the victim.

In other words, the fact that some kind of weapon is apparently present, by sight or by implication, in the abstract warrants the assessment of 5 points under MCL 777.31(1)(e). To warrant the assessment of 15 points under MCL 777.31(1)(c), there must be some reason, however slight, for the victim to reasonably perceive that the weapon will actually be used, and moreover, will actually be used against the victim. A threat exists when a knife is used for the purpose of suggesting to the victim a "menace or source of danger . . . ." *Random House Webster's College Dictionary* (1997).

In this case, the factual record is not as clear as we might hope; in particular, there is some ambiguity whether defendant ever even removed the knife from his sock, let alone actually pointed it at or gestured with it toward anyone. Indeed, there is some dispute whether defendant made any overt acts that would suggest imminent removal of the knife from his sock. The presentence investigation report states that defendant "attempted to pull a knife out of his sock." The trial court's reading of the police report reflects that "the witness stated that they [sic] believed [defendant] attempted to pull a knife out of his sock." At the sentencing hearing, the prosecution stated that defendant "fiddled with a knife, which was seen by the victim," but also stated that defendant did not point it at anyone during the robbery. Defendant denied that a knife was ever displayed, and also argued that "[e]ven the victim had said that [the knife] was never exposed." Consequently, it is not undisputed whether the victim was, in fact, aware of the knife at all. The trial court did not explicitly state on the record that it found that defendant threatened anyone with the knife, but the trial court clearly did so by necessary implication; it further concluded that fear of the knife was the reason that the victim and another person who was present allowed defendant to leave the store with the beer and cigarettes.

We are not left with a definite and firm conviction that the trial court made a mistake in finding by a preponderance of the evidence that defendant threatened the victim with a knife. The evidence overwhelmingly indicates that defendant had a readily apparent knife and engaged in some kind of intentional, overt conduct involving that knife. The most reasonable interpretation of that action is that defendant had a present intention of removing the knife for use. In the context of a robbery, an assailant attempting to pull a knife out of his sock, or even merely reaching for the knife, would be interpreted by any reasonable person as an indication that the knife would actually be used to inflict harm upon them. In other words, defendant went beyond merely displaying a weapon by acting in a manner that suggested its imminent use. We conclude that defendant's actions were sufficient to constitute a threat under MCL 777.31(1)(c). Defendant's only counterargument is that there is no evidence that he pointed the knife at the victim; however, doing so is not necessary to constitute a threat.[1]

Accordingly, based on the factual finding of the trial court that defendant attempted to pull a knife from his sock, an assessment of 15 points for OV 1 was appropriate.

Affirmed.

MURPHY, C.J., and M. J. KELLY and RONAYNE KRAUSE, JJ., concurred.

---

[1] The language of MCL 777.31(1)(c) relating to firearms indicates that 15 points should be assessed for OV 1 if the firearm is "pointed at or toward a victim," but that instructive language applies only to firearms, not other weapons.