# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES PAUL GAILEY,

        Defendant-Appellant.

UNPUBLISHED
May 22, 2018

No. 333811
Jackson Circuit Court
LC No. 15-004866-FC

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his conviction of bank robbery, MCL 750.531, for which the trial court sentenced him to 4 to 20 years' imprisonment. We vacate defendant's sentence and remand for resentencing.

On December 23, 2014, defendant entered a bank and approached Jennifer Bonner, a bank teller. He placed a cloth bag on the counter and told her to put cash in the bag with no dye packs. According to Bonner, defendant was polite and apologized to her several times. After she put the cash in the bag, he walked out of the bank. Several months later, defendant returned and robbed the bank again, this time demanding the money from Carrie O'Dell, another bank teller.

Although defendant was initially charged with two counts of bank robbery, he pleaded guilty to a single count arising from the initial December 23, 2014 incident. However, the plea agreement stipulated that both Bonner and O'Dell would be considered victims of the crime. At

---

[1] On July 12, 2016, defendant filed a delayed application for leave to appeal his sentence, which this Court denied. *People v Gailey*, unpublished order of the Court of Appeals, entered September 13, 2016 (Docket No. 333811). He then filed an application for leave to appeal to the Michigan Supreme Court, which ultimately entered an order remanding the case to this Court for consideration as on leave granted. *People v Gailey*, 501 Mich 905 (2017).

sentencing, the trial court assessed 10 points for offense variables (OVs) 4, 9, and 19, resulting in a sentencing guidelines range of 10 to 19 months. MCL 777.64. Thus, the trial court departed from the range when it sentenced defendant to 4 to 20 years in prison.

## I. SCORING ERRORS

Defendant first argues that the trial court erred when it assessed 10 points for OVs 4 and 19. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). " 'Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made.' " *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

## A. OV 4

The trial court appeared to assess 10 points for OV 4 on the basis that both the bank manager, present for each of the robberies, and the two bank tellers suffered serious psychological injury. A court must assess 10 points for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a); *McChester*, 310 Mich App at 356. MCL 777.34(2) further provides: "Score 10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." A "trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014).

Defendant argues that the trial court erred when it assessed 10 points for OV 4 because the bank manager cannot be considered a victim, and insufficient evidence existed to conclude that the bank tellers suffered serious psychological injury. We need not determine whether the bank manager may be considered a victim for the purpose of scoring OV 4, as a preponderance of the evidence supported the court's determination that the bank tellers themselves suffered serious psychological injury as a result of the robberies.[2]

---

[2] Again, although defendant pleaded guilty to only the first count of bank robbery, the plea agreement provided that both tellers would be considered victims of the crime.

Defendant, citing *McChester*, asserts that the record contains no description of either bank teller suffering a serious psychological injury of any sort, other than what was described by the probation officer who spoke with the bank manager. However, this case is distinguishable from *McChester*, in which this Court held that a PSIR's reference to the victim being "visibly shaken" after the crime was insufficient to support the assessment of 10 points for OV 4, as there was no "indication from the victim herself regarding her psychological state, and the only information on the issue [came] from a cursory, vague, and preliminary observation by police who arrived at the scene." *McChester*, 310 Mich App at 358-359. Here, although neither Bonner nor O'Dell provided victim impact statements, the PSIR contained detailed statements from the bank manager and a bank security officer, the tellers' coworkers, regarding the lasting effect of the robberies on the bank's employees. The bank manager's letter did not specifically name Bonner or O'Dell, but stated, "No, I'm not one of the 'victim' tellers but I am the manager and those are MY employees that he robbed, scared and left forever changed." The letter also said that the December 23, 2014 robbery left *everyone* on high alert and feeling extremely vulnerable every day, and that "[w]e are forever changed because of [defendant's] decisions and our sense of trust and security are gone." Additionally, the security officer's statement provided, "He robbed us twice and we had three staff members which were very shaken up."

This Court has held that evidence a victim felt angry, hurt, violated, and frightened after a crime is sufficient to support an assessment of 10 points for OV 4. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). Thus, from the above observations in the PSIR that the bank's employees felt shaken up, scared, and extremely vulnerable every day after the robberies, the trial court could properly conclude that Bonner and O'Dell suffered serious psychological injury.

## B. OV 19

The trial court also did not err when it assessed 10 points for OV 19. OV 19 involves a "threat to the security of a penal institution or court or interference with the administration of justice." MCL 777.49. A trial court should assess 10 points for OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). The plain and ordinary meaning of the phrase "interfere with the administration of justice," for purposes of OV 19, is "to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). The scoring of OV 19 is not limited to consideration of the sentencing offense – the court may consider conduct that occurred after the sentencing offense was completed. *People v Smith*, 488 Mich 193, 195, 202; 793 NW2d 666 (2010). However, only conduct related to the offense being scored may be considered when determining the score for OV 19. *Sours*, 315 Mich App at 348-349. Furthermore, the attempt to interfere with the administration of justice contemplated in MCL 777.49(c) is not limited to judicial process, and may extend to the time of investigation for pursuing prosecution. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004).

Although defendant only challenges the first two bases, the trial court assessed 10 points for OV 19 because defendant: (1) instructed the bank teller not to include dye packets in the bag with the robbery proceeds, (2) placed blue tape over a portion of his license plate at some point after the first robbery, and (3) disposed of his clothes immediately after the initial robbery. Defendant's instruction to the bank teller not to include dye packs in the bag with the robbery proceeds does not support the assessment of 10 points for OV 19, but his action of placing tape over his license plate in combination with the disposal of his clothes does support such an assessment.

This Court has held that a defendant's physical struggle with store security officers qualified as interference with the administration of justice because the store security officers were statutorily authorized to place defendant under arrest, *People v Passage*, 277 Mich App 175, 180-181; 743 NW2d 746 (2007), and that a defendant's act of telling a child molestation victim not to tell police what happened supported the assessment of 10 points for OV 19, *People v Steele*, 283 Mich App 472, 492-493; 769 NW2d 256 (2009). Here, defendant had no interaction with any bank security guards attempting to arrest him, and did not threaten either bank teller in an attempt to prevent her from telling police about the crime. Instead, defendant simply asked the teller not to include dye packs so he could flee the scene with his robbery proceeds. Thus, we cannot conclude that by doing so, defendant "hamper[ed], hinder[ed], or obstruct[ed] the act or process of administering judgment of individuals or causes by judicial process." *Hershey*, 303 Mich App at 343.

Nevertheless, we do hold that the trial court properly assessed 10 points for OV 19 based on defendant's efforts to evade justice by taping over a portion of his license plate, and discarding his clothes immediately following the first robbery. The Evaluation and Plan portion of the PSIR states: "Once [defendant] had completed the initial robbery on December 23, 2014, [defendant] then disposed of the clothing he had been wearing during the commission of the crime in an attempt to further avoid being apprehended. He even went so far as to place blue tape over a portion of his vehicle license plate to prevent anyone from being able to observe his plate number." Although the PSIR does not indicate what effect, if any, these actions had on the attempts of law enforcement officers to identify and arrest him, from this information, the trial court could conclude that both were efforts to conceal his identity and deceive the police, thereby hindering their investigation into the robbery. See *Barbee*, 470 Mich at 288 ("The investigation of crime is critical to the administration of justice."); *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010) (reasoning that hiding or disposing of evidence may constitute interference with the administration of justice).

## II. MISTAKE OF FACT

Defendant next argues that the trial court sentenced him on the basis of inaccurate information, and he is thus entitled to resentencing, because the prosecutor incorrectly informed the trial court that he failed to seek treatment for his drug addiction. Although the prosecutor's statements may have been inaccurate, there is no indication that the court relied on those statements when it sentenced defendant. Accordingly, any error would be harmless.

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "It is well settled that the use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process." *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990). "However, when the alleged inaccuracies would have no determinative effect on the sentence, the court's failure to respond may be considered harmless error." *People v McAllister*, 241 Mich App 466, 473; 616 NW2d 203 (2000), remanded in part on other grounds 465 Mich 884 (2001).

Despite his failure to object below, defendant takes issue with the following statement made by the prosecutor during his sentencing hearing:

> Now we're told that the reason that he committed these bank robberies was to feed his -- his drug addiction and when he lost his last job due to his drug addiction, he apparently didn't seek help, didn't go into rehab, didn't do what was necessary, so if we accept his logic I guess anybody that's -- that's an addict based on their addiction can just go hold up a bank and get whatever money is necessary to support their addiction instead of checking into a rehab program and getting the help that you need to beat it once and for all. But he didn't make that choice.

Although information in the PSIR contradicted this statement, there is no indication that the court relied on the prosecutor's comments to determine defendant's sentence. Instead, the court focused on the effect the robberies had on the bank employees, and its disapproval of the sentencing guidelines' treatment of the crime of bank robbery, stating:

> I'm going to depart from the sentencing guidelines, because I don't think that they adequately address the sentence for a defendant involved in two separate robberies, both life offenses, of a bank. It does not adequately address the trauma to the clerks who twice had to deal with [defendant] robbing their place of employment at a bank.

Thus, defendant is not entitled to resentencing on the basis of mistake of fact, because any error in the prosecutor's statements was harmless.[3]

### III. PROPORTIONALITY

Finally, defendant argues that the trial court imposed a sentence that is disproportionate to the offense and the offender. Because the sentencing guidelines are now advisory, a sentencing court may "depart from [a] guidelines range without articulating substantial and

---

[3] We note that at the hearing on defendant's motion to correct his invalid sentence, in response to defense counsel's mistake of fact argument, the trial court stated that the prosecutor's comments at sentencing would not have materially impacted the sentence it decided to impose.

compelling reasons for doing so." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

As stated above, the trial court departed from the sentencing guidelines range of 10 to 19 months' imprisonment when it sentenced defendant to 4 to 20 years for his conviction of bank robbery. Thus, we must review defendant's sentence for reasonableness. A departure sentence is considered reasonable if it satisfies the "principle of proportionality" as set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471-472. The principle of proportionality " 'helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing.' " *Id*. at 472, quoting *Milbourn*, 435 Mich at 651.

Thus, when it chooses to depart from the guidelines, a sentencing court must " 'justify the sentence imposed in order to facilitate appellate review,' " *Steanhouse*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392, by explaining why "a departure sentence is more proportionate than a sentence within the guidelines range," *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). In so doing, the court must consider the sentencing guidelines, *Steanhouse*, 500 Mich at 474-475, and "the nature of the offense and the background of the offender," *Id*. at 472 (quotation marks and citation omitted). Additional factors that may also be considered include: " '(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation.' " *People v Walden*, 319 Mich App 344, 352-352; 901 NW2d 142 (2017), quoting *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), rev'd in part on other grounds 500 Mich 453 (2017). Further, a sentencing court must provide adequate reasons for the extent of its departure. *Steanhouse*, 500 Mich at 476.

To justify its departure sentence, the trial court reasoned that the sentencing guidelines do not adequately address the crime of bank robbery, a sentence within the range would encourage additional bank robberies, and twice robbing the same bank traumatized the bank's employees. Specifically, the court stated:

> [Y]ou didn't just rob this bank once, you robbed it twice and you know, I think it was a very fair accounting by [the prosecutor] of the impact on the -- on the clerks. They were clearly very traumatized by what -- what's occurred and as I've -- I've already noted, you know, I mean, if -- if the average person in the public found out that the low end of the guidelines for robbing a bank was 10 months in the county jail, I mean, it's just -- may -- maybe that's why the sentencing guidelines are what they are. They are advisory benchmarks and frankly, the

court finds -- I'm going to depart from the sentencing guidelines, because I don't think that they adequately address the sentence for a defendant involved in two separate robberies, both life offenses, of a bank. It does not adequately address the trauma to the clerks who twice had to deal with you robbing their place of employment at a bank.

But OV 4 already took into consideration the psychological effect the robberies had on both victims, and while the court's general criticisms of the sentencing guidelines may be valid, it failed to consider circumstances specific to defendant and his sentencing offense. Defendant had no prior felony convictions, did not use a weapon or threaten any type of violence during the commission of the sentencing offense, and the victims indicated that he was polite and apologetic. Thus, the trial court abused its discretion by failing to adequately justify the sentence it imposed. Based on the reasons articulated by the trial court, defendant's sentence was unreasonable and disproportionate to the seriousness of the circumstances surrounding the offense and the offender. On remand the trial court can, of course, impose the same sentence should it find it warranted after consideration of all the circumstances surrounding the offense and the offender.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra