*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFERY LAVERN JAMES,

Defendant-Appellant.

UNPUBLISHED
February 18, 2020

No. 344793
St. Clair Circuit Court
LC No. 18-000142-FH

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant was convicted, after a jury trial, of carrying a dangerous weapon with unlawful intent (CDWUI), MCL 750.226, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and domestic violence, MCL 750.812. Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 1 to 10 years' imprisonment for the CDWUI conviction, two years' imprisonment for the felony-firearm conviction, and 42 days' imprisonment for the domestic violence conviction. We affirm defendant's convictions.

Defendant argues that there was insufficient evidence to convict him of CDWUI and felony-firearm. Specifically, defendant argues that there was no evidence presented of his unlawful intent.

This Court reviews a claim of insufficient evidence de novo, and in the light most favorable to the prosecution, to determine whether a trier of fact could have found that all elements of the charged offense were proven beyond a reasonable doubt. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). Circumstantial evidence and all reasonable inferences drawn from it may be used to prove the elements of a crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "[T]his Court must not interfere with the jury's role as the sole judge of the facts." *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005). Finally, all conflicts in evidence are resolved in favor of the prosecution. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016).

The two elements of CDWUI, MCL 750.226, are: (1) going armed with a firearm or dangerous weapon (2) with the intent to unlawfully use the weapon against another person. *People*

*v Mitchell*, 301 Mich App 282, 292-293; 835 NW2d 615 (2013). To be convicted of CDWUI, "the evidence must establish that the accused departed from a location while equipped with a qualifying weapon in his or her possession and, at the time of departing, had the intent to use the weapon unlawfully against another person." *Id.* at 293. Defendant specifically argues that there was insufficient evidence that he carried a BB gun with unlawful intent.[1] "Intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows." *People v Lawton*, 196 Mich App 341, 349; 492 NW2d 810 (1992) (quotation marks and citation omitted).

Two of our decisions provide context to this issue. In *People v Harrington*, 194 Mich App 424, 429; 487 NW2d 479 (1992), the defendant similarly argued that there was insufficient evidence of unlawful intent to support a conviction of CDWUI. There, the defendant called the victim, his girlfriend's father, and made threatening remarks. *Id.* at 426. Twenty minutes later, the defendant arrived at the victim's house, stuck his head out of the window, yelled obscenities, and revealed a handgun. *Id.* The victim jumped behind a tree, and the defendant fired the gun from about 20 yards away. *Id.* The victim was not harmed, and there was no evidence of damage from the gunshot. *Id.* Similar to the case at hand, the defendant denied having the gun, and denied making threatening remarks. *Id.* The defendant argued on appeal that there was insufficient evidence of his unlawful intent. *Id.* at 429. This Court held that a rational trier of fact could have concluded that the specific intent element of MCL 750.226 was met beyond a reasonable doubt on the basis of the evidence of the defendant's threatening harm to the victim, using vulgar language, and firing a gun from approximately 20 yards away. *Id.* at 429-430. This Court specified that "the fact that the bullet missed the victim does not negate the intent element. No actual physical injury is required for the elements of the crime to be established." *Id.* at 430.

Further, in *People v Brooks*, 304 Mich App 318, 321; 848 NW2d 161 (2014), this Court held, in determining whether displaying a weapon is threatening behavior, that "whether displaying [a weapon] would constitute a threat must be highly context specific." This Court concluded that "the minimum distinction between [displaying a weapon and using one threateningly] is whether the defendant in any way suggests, by act or circumstance, that the weapon might actually be used against the victim." *Id.*

The evidence presented at trial was sufficient to convict defendant of CDWUI and felony-firearm. Based on the evidence the jury could find beyond a reasonable doubt that defendant went to Jacquelyn Gonzalez's apartment on the morning of January 3, 2018, with a BB gun and with the unlawful intent to use that weapon. Defendant had a history of violent behavior toward Gonzalez, including an October 13, 2017 incident when he bruised her arm. In October 2017, Gonzalez barricaded her door with furniture out of fear that defendant would show up at her home. Gonzalez testified that, on the morning in question, defendant came running up the street toward

---

[1] While defendant carried a BB gun rather than a pistol, MCL 750.226(1) provides that a person shall not "go armed with a pistol or other firearm, or a pneumatic gun, . . . ." MCL 123.1101(d) defines "pneumatic gun" as "any implement, designed as a gun, that will expel a BB or pellet by spring, gas, or air." As such, defendant's use of a BB gun falls under the proscribed conduct set forth in MCL 750.226.

her in a manner that scared her enough to cause her to run back to her apartment. Defendant pushed Gonzalez out of the way in an attempt to get to her apartment first, causing her to stumble backward. During the encounter, defendant made threatening statements to Gonzalez, including, "you are lucky this is all I have done," and "I'm coming for what's mine." Evidence also established that defendant's wife drove him to Gonzalez's apartment that morning to try and stop him from fighting anyone, indicating that defendant believed that there would be violence that morning. That defendant believed Gonzalez's friend Mike Strickland would be at the apartment, brought a weapon, and had his wife drive him to "talk him through it" all suggest that defendant expected trouble, and point to his unlawful intent.

If the jurors found that defendant thought Strickland was in the apartment that morning, they could have reasonably concluded that defendant carried the weapon with an unlawful intent toward Strickland. And if the jury did not believe that Strickland was in the apartment that morning, the jury could have reasonably concluded that defendant carried the weapon with an unlawful intent toward Gonzalez. If displaying a weapon can be construed as a threat on the basis of the context, *Brooks*, 304 Mich App at 321, the context within which defendant displayed the gun in Gonzalez's stairwell could have led the jury to reasonably conclude that it was a threat. Although the jury heard both of these different versions of the incident, conflicts in evidence are resolved in favor of the prosecution. *Solloway*, 316 Mich App at 180-181. Further, this Court must not interfere with the jury's role as the "sole judge of the facts." *Meshell*, 265 Mich App, 619. The evidence, including the circumstantial evidence and the reasonable inferences drawn from it, *Bennett*, 290 Mich App at 472, was sufficient to allow a jury to find defendant guilty of CDWUI.

Likewise, there was sufficient evidence to convict defendant of felony-firearm. The elements of felony-firearm, MCL 750.227b, are: "the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018) (quotation marks and citation omitted). MCL 750.227b(2) specifically includes the use of a pneumatic gun, providing, in relevant part:

> (2) A person who carries or has in his or her possession a pneumatic gun and uses that pneumatic gun in furtherance of committing or attempting to commit a felony, except a violation of section 223, 227, 227a, or 230, is guilty of a felony and shall be punished by imprisonment for 2 years.

Violation of MCL 750.226 is a felony. MCL 750.226(2). Based on the preceding analysis, there was sufficient evidence to convict defendant of CDWUI. As such, there was also sufficient evidence to convict defendant of felony-firearm in connection with the CDWUI conviction. *People v Bass*, 317 Mich App 241, 268-269; 893 NW2d 140 (2016).

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron