*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW JOHN STREU,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 354784
Midland Circuit Court
LC No. 19-008225-FH

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration with victim between 13 and 15 years of age), second or subsequent offense, MCL 750.520f(1). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10(1)(a), to 13 to 22½ years' imprisonment. Defendant appeals by right, arguing that he is entitled to resentencing on the basis of the trial court's erroneous scoring of multiple offense variables (OVs). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves recurring acts of sexual abuse perpetrated by defendant on the victim, RB, when she was between the ages of 13 and 15 years old. Defendant was RB's first cousin, and he lived on the same property as RB while committing the abuse. RB testified that defendant had sexual contact with her approximately 60 times between the first time he sexually abused her at the age of 13 and the time she turned 16 years old. Over those years, defendant engaged in vaginal, anal, and oral sex with RB, as well as other instances of sexual contact such as digital penetration and fondling. Defendant sometimes physically forced himself on RB, and other times offered her cigarettes, marijuana, and alcohol in exchange for sex. RB's older sister, CB, also testified at trial about sexual abuse by defendant that began when CB was 15 years old.

A jury convicted defendant of two counts of CSC-III, one involving vaginal intercourse and one involving fellatio; the jury acquitted defendant of one count of CSC-III involving anal sex. At sentencing, the trial court overruled multiple objections by defendant to the scoring of OVs and sentenced defendant to serve 13 to 22½ years' imprisonment. After sentencing,

defendant moved to remand in this Court, seeking to preserve challenges to the scoring of OVs 4 and 19. Shortly thereafter, defendant moved to supplement the motion to remand to raise an additional scoring error for OV 10. This Court granted defendant's motion to supplement his motion to remand with the claim regarding OV 10, but denied the motion to remand. *People v Streu*, unpublished order of the Court of Appeals, entered June 17, 2021 (Docket No. 354784).

## II. ANALYSIS

Defendant argues that the trial court erroneously scored OVs 4, 10, 12, and 19, and that the proper scores entitle defendant to resentencing. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

## A. OV 4

Defendant first argues that the trial court incorrectly assessed 10 points for OV 4. We disagree.

OV 4 deals with psychological injury to a victim. MCL 777.34(1). OV 4 is scored at 10 points if the court finds "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). The score of 10 points applies if the injury "*may* require professional treatment." MCL 777.34(2) (emphasis added). "[T]he fact that treatment has not been sought is not conclusive." MCL 777.34(2). OV 4 may not be scored at 10 points "solely on the basis of a trial court's conclusion that a 'serious psychological injury' would normally occur as a result of the crime perpetrated against the victim[.]" *People v White*, 501 Mich 160, 162; 905 NW2d 228 (2017). "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014).

In this case, the trial court assessed 10 points for OV 4, stating at sentencing, "[T]he Court does not see from the events that she described happening to her that . . . there would not be the likelihood of serious psychological injury." The trial court's reasoning alone was an insufficient basis for assessing 10 points because the court specifically assumed that someone in RB's position would have suffered serious psychological injury, without noting any evidence from the record that showed such an injury occurred. However, we may look beyond the trial court's reasoning to determine whether there was a clear error in the scoring of OV 4. *White*, 501 Mich at 164.

RB testified at trial that she had "blocked a lot of [the abuse] out," and that she enjoyed using the substances that defendant provided for her as "an escape" from what was going on. She also explained why she finally decided to confront defendant about his abuse and talk to police:

*Q.* At that point, were you just ready to, basically, have the truth come out?

*A.* Yes. I said enough was enough . . . everybody kept calling me crazy, saying I was going delusional and I was insane and I wasn't myself and I just wanted to get it out there that I was. I just needed the people who hurt me to go away and that was the first step of me getting better.

Considering all of the record evidence, we are not left with a definite and firm conviction that a mistake was made when the trial court assessed 10 points for OV 4. RB's testimony about her emotional state and about the blocking out of certain memories suggests that she was suffering a psychological injury from the years of sexual abuse perpetrated by defendant. See *People v Waclawski*, 286 Mich App 634, 681; 780 NW2d 321 (2009). Therefore, the trial court could "reasonably infer that her psychological injury was serious enough that it requires treatment." *People v Haynes*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 350125); slip op at 18. Accordingly, the trial court did not clearly err by assessing 10 points for OV 4.

## B. OV 10

Defendant argues that the trial court incorrectly assessed 15 points for OV 10 and should have only assessed 10 points.

OV 10 is scored for the "exploitation of a vulnerable victim." MCL 777.40(1). Defendant waived his challenge to the trial court's assessment of 15 points for OV 10.[1] In *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), our Supreme Court explained:

Waiver has been defined as the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which has been explained as the failure to make the timely assertion of a right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. Mere forfeiture, on the other hand, does not extinguish an error. [Quotation marks and citations omitted.]

"When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). With respect to the scoring of OVs, we have held that, where the "sentencing variables were not even mentioned during sentencing," the defendant did not waive a scoring challenge by failing to object at the time. *People v Hershey*, 303 Mich App 330, 351; 844 NW2d 127 (2013).

In this case, the record reveals that defendant and his counsel "clearly expresse[d] satisfaction" with the court's decision to score OV 10 at 15 points. *Kowalski*, 489 Mich at 503.

---

[1] Although we allowed defendant to add his claim that OV 10 was improperly scored to his motion to remand, *Streu*, unpub order, that decision does not preclude a finding that defendant waived the claim at sentencing. See *People v Hershey*, 303 Mich App 330, 346; 844 NW2d 127 (2013).

They did not merely fail to object, but rather, they affirmatively approved of the court's assessment of 15 points. Therefore, defendant waived his right to challenge the scoring of OV 10 on appeal.[2]

## C. OV 12

Defendant argues that the trial court incorrectly assessed 10 points for OV 12. We disagree.

OV 12 is scored for "contemporaneous felonious criminal acts." MCL 777.42(1). An act is "contemporaneous" if it "occurred within 24 hours of the sentencing offense" *and* "has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (*ii*). The trial court assesses 10 points when the defendant committed "[t]wo contemporaneous felonious criminal acts involving crimes against a person[.]" MCL 777.42(1)(b). The "sentencing offense" for purposes of scoring OVs is "the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019) (quotation marks and citation omitted). When assessing points for OV 12, the trial court "must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

In this case, the trial court assessed 10 points for OV 12, finding that defendant committed two contemporaneous felonious criminal acts involving crimes against a person. The court noted that its score could be justified by multiple "different possible factual scenarios." Defendant argues that because the prosecution never specifically identified when the sentencing offenses occurred—other than over a three-year period—there is no way to find that any uncharged criminal acts occurred within a 24-hour period of those sentencing offenses. We disagree. Although the jury did not have to base its verdict on any one particular incident, the evidence was sufficient for the trial court to find by a preponderance of the evidence that uncharged acts occurred within 24 hours of the sentencing offenses of vaginal intercourse and fellatio. RB testified about the overlap between the sentencing offenses and uncharged acts:

> *Q*. Were there ever times where [defendant] would have multiple types of sex with you during one encounter?
>
> *A*. Yes.
>
> *Q*. And how would that come about?

---

[2] Nevertheless, the record is replete with evidence that justified the trial court's assessment of 15 points for OV 10. RB's testimony established that defendant engaged in a range of preoffense conduct that was primarily intended to facilitate the victimization of RB. Defendant's predatory conduct included gaining RB's trust after she confided in him that her mother's boyfriend had sexually abused her and taking advantage of that trust throughout the years of sexual abuse that defendant perpetrated on her. See *People v Barnes*, 332 Mich App 494, 504; 957 NW2d 62 (2020). Defendant's actions were not simply "run-of-the-mill planning," but rather, persistent exploitative behavior of a young, vulnerable victim that was predatory in nature. See *id*.

*A.* It would start with fingering or oral and then it would move to vaginal or anal and then back and forth.

\* \* \*

*Q.* Did he ever touch you in other sexual ways that . . . weren't necessary intercourse, during these instances?

*A.* Yes . . . .

*Q.* And could you describe some of those ways for us.

*A.* He would fondle my breasts, touch my butt, kiss me . . . .

RB's testimony provided evidence by which the trial court could find that at least two uncharged crimes perpetrated against RB—digital penetration, fondling, and kissing—occurred within 24 hours of the sentencing offenses. See MCL 750.520e(1)(a) (sexual contact with victim between 13 and 15 years of age). RB also testified about defendant forcing her to engage in sexual acts on multiple occasions, which could likely constitute another contemporaneous felonious act. See MCL 750.520d(1)(b) (sexual penetration by force or coercion). The trial court correctly acknowledged that multiple factual scenarios supported the finding that two contemporaneous felonious acts occurred. Accordingly, the trial court did not clearly err by assessing 10 points for OV 12.[3]

### D. OV 19

Lastly, defendant argues that the trial court incorrectly assessed 10 points for OV 19. We disagree.

OV 19 is scored if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. The trial court must assess 10 points for OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c). This phrase is a broad one that "encompasses more than just the actual judicial process" and includes "[c]onduct that occurs before criminal charges are filed[.]" *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004). Further, the trial court may consider "conduct that occurred after an offense was completed[.]" *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010). The plain and ordinary meaning of "interfere with the administration of justice" is "to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *Hershey*, 303 Mich App at 343.

---

[3] Given this conclusion, we need not address defendant's additional points on appeal regarding the trial court's reliance on the sexual encounter in the woods with defendant, RB, and CB to score OV 12.

In this case, defendant's conduct before and after the filing of criminal charges provided substantial evidence that he interfered, or attempted to interfere, with the administration of justice. RB testified that defendant told her not to disclose his actions, making comments such as "[d]on't do this to me" and "[i]f you do it, we can't be together." Defendant also frequently told RB that he was worried that he would go to jail. Defendant's statements represented a clear attempt to dissuade RB from seeking justice and to avoid culpability for himself. See *People v Steele*, 283 Mich App 472, 492-493; 769 NW2d 256 (2009) (the defendant's assessment of 10 points for OV 19 was upheld on appeal where he told his victims not to reveal his acts of sexual assault or he would go to jail).

Aside from these prearrest comments to RB, defendant further interfered with the administration of justice when he sent a letter from jail to his brother and his brother's fiancée asking them to persuade RB to drop the charges against him. This letter stated, in relevant part:

> Can you possibly message [RB] and tell her she got what she wanted. Me and [my girlfriend] are done. Tell her I forgive her and I ask her not to go to trial and testify and to talk to her sisters that they all need to drop this.

The letter also asked that they respond with particular "code words" depending on RB's response and stated, "Throw this away after you read it." Defendant argues that the letter was "not an improper attempt to tamper with a witness, but rather an entirely proper attempt to entreat a witness to tell the truth." Defendant's argument is mistaken for at least two reasons. First, assessing 10 points for OV 19 does not require evidence that could support a conviction of witness tampering. See *Barbee*, 470 Mich at 287 (stating that conduct under OV 19 "does not have to necessarily rise to the level of a chargeable offense"). Second, the record does not support defendant's claim that he was simply attempting to encourage RB to be truthful. Nowhere in the letter that defendant wrote did he suggest that RB needed to tell the truth about what occurred. Further, defendant's efforts to conceal the contents of the letter are quite unusual if defendant genuinely intended to encourage RB to be honest. Defendant's conduct strongly suggests that he intended to prevent RB from testifying, or in other words, to "interfere with the administration of justice." Accordingly, the trial court properly assessed 10 points for OV 19.

In summary, we conclude that defendant has failed to show that the trial court erroneously scored any OVs. Therefore, defendant is not entitled to resentencing.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan