*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

MILAN WAYCO BERRY,

          Defendant-Appellant.

UNPUBLISHED
March 24, 2022

No. 355479
Grand Traverse Circuit Court
LC No. 20-013497-FH

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

A jury convicted defendant of one count of domestic violence (third offense), MCL 750.81(5), and two counts of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10(1)(a), to serve concurrent terms of 36 to 90 months' imprisonment for domestic violence and 16 to 36 months' imprisonment for each resisting or obstructing conviction. Defendant appeals by right, arguing that he is entitled to resentencing on the basis of the trial court's erroneous scoring of two offense variables (OVs). We affirm.

## I. BACKGROUND

On April 28, 2020, defendant and Christina Martz were at the home of Dale and Don Heustis, drinking alcohol with the two brothers. At some point, defendant became angry with Martz. Both Dale and Don then observed defendant slap Martz multiple times across her face. Dale testified that, although his view was obstructed by defendant's body, he saw defendant make repeated slapping motions with his arm and heard smack sounds as defendant swung his arm toward Martz. Don testified that he had a clear view of defendant slapping Martz on the cheek bone. Dale went upstairs to call 911.

Officer Justin Nowland and Sergeant Ryan Taylor responded to the scene. After speaking with the witnesses, the officers advised defendant that he was under arrest for domestic assault. The officers testified that they offered to handcuff defendant with his hands out front to accommodate his gastrointestinal bag, but defendant reached into his pocket and turned away from the officers. After defendant continued to disregard the officers' commands, they grabbed his arms

and handcuffed him behind his back, with defendant slightly pulling his arms away from the officers. Nowland testified that defendant would not walk and went "deadweight," which required the officers to drag defendant to the patrol car. At the patrol car, Nowland told defendant to face the car so that he could conduct a pat-down search for contraband or weapons. Defendant repeatedly tried to turn around and talk to Taylor, despite commands to face the vehicle. Nowland testified that, in order to secure defendant, they had to pin his waist against the car so that he could not turn around. After the search, defendant refused to get into the patrol vehicle and continued to try to talk to Taylor. A different officer then brought his patrol car over, and Taylor testified that they had to drag defendant over to that vehicle as well, but once there he entered the vehicle on his own.

## II. ANALYSIS

### A. OV 3

Defendant first argues that the trial court improperly scored five points for OV 3 because there was no evidence that Martz suffered a physical injury.[1]

OV 3 is scored for "physical injury to a victim." MCL 777.33(1). The sentencing court scores five points when a "[b]odily injury not requiring medical treatment occurred to a victim," MCL 777.33(1)(e), and zero points when "[n]o physical injury occurred to a victim," MCL 777.33(1)(f). We have defined "bodily injury" in the context of OV 3 as "anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011).

In this case, the trial court assessed five points for OV 3 when scoring the sentencing guidelines for defendant's domestic violence conviction. The evidence at trial showed that Martz had no cuts or lacerations on her face, but had redness across her face, including on both of her cheeks. Nowland took photos of Martz's face at the scene, and testified that the redness on her face "could be" consistent with alcohol consumption.

Although evidence of a physical injury to Martz was limited, we are not left with a definite and firm conviction that the trial court erred by finding that she suffered a bodily injury. By convicting defendant of domestic violence, the jury necessarily determined beyond a reasonable doubt that defendant assaulted, or assaulted and battered, Martz. See MCL 750.81(2). Given the

---

[1] Defendant preserved these sentencing challenges by filing a motion to remand in this Court. See *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). The trial court's factual findings under the sentencing guidelines must be supported by a preponderance of the evidence, and we review those findings for clear error. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

trial testimony that defendant slapped Martz multiple times across the face, the trial court could reasonably infer that the redness on her cheeks was a bodily injury caused by defendant's assault. At the very least, the redness was an "unwanted physically damaging consequence" of defendant's actions. *McDonald*, 293 Mich App at 298. The possibility of an alternative explanation—that the redness was a result of alcohol consumption—does not establish that no bodily injury occurred. Therefore, the trial court did not clearly err by assessing five points for OV 3.

B. OV 13

Defendant also argues that the trial court improperly assessed 25 points for OV 13 because defendant's three felony convictions stemming from this single incident do not constitute a pattern of felonious criminal activity.

OV 13 is scored for a "continuing pattern of criminal behavior." MCL 777.43(1). A score of 25 points is warranted when "[t]he offense was part of a pattern of felonious criminal activity involving 3 of more crimes against a person." MCL 777.43(1)(c). The trial court counts the sentencing offense and any crimes that occurred within a five-year period of that offense, "regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). A single felonious act that results in multiple convictions cannot constitute a pattern of criminal behavior. *People v Carll*, 322 Mich App 690, 704; 915 NW2d 387 (2018). However, separate felonious acts that arise out of a single criminal episode can constitute a pattern of criminal activity for purposes of scoring OV 13. *People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013). See also *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001).

In this case, defendant was convicted of three felonies, one count of domestic violence and two counts of resisting or obstructing a police officer, each of which is classified as a crime against a person. See MCL 777.16d. Unlike in *Carll*, 322 Mich App at 705-706, where all of the convictions stemmed from the single felonious act of reckless driving in which multiple people were victimized, the evidence at trial established that defendant committed three separate felonious acts. First, the domestic violence conviction clearly involved a separate act by defendant, i.e., slapping Martz multiple times across the face. Second, by finding defendant guilty of two counts of resisting or obstructing, the jury necessarily determined that defendant resisted or obstructed Nowland and Taylor.[2] Further, there was sufficient evidence for the trial court to conclude that the two resisting or obstructing convictions involved separate acts considering the officers' testimony that defendant repeatedly failed to comply with their lawful commands.

---

[2] The trial court instructed the jury on the elements for resisting or obstructing, the first of which was "that the defendant assaulted, resisted, obstructed, opposed, or endangered Officer Justin Nowland and/or Sergeant Ryan Taylor."

In sum, because defendant's three convictions involved three separate acts against Martz, Nowland, and Taylor, respectively, the trial court did not clearly err by scoring 25 points for OV 13 for a pattern of criminal activity involving three or more crimes against a person.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra