*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTINA MARIE PRUITT,

        Defendant-Appellant.

UNPUBLISHED
March 2, 2023

No. 359428
Shiawassee Circuit Court
LC No. 2020-004673-FH

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of domestic violence, third offense, MCL 750.81(2); MCL 750.81(5). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 28 to 90 months' imprisonment. Defendant appeals her sentence by leave granted.[1] We affirm.

## I. BACKGROUND

On February 27, 2020, defendant, while heavily intoxicated, put a cigarette out on her boyfriend's forehead, scratched his face and neck with her nails, and slashed his face several times with a knife. Defendant's boyfriend told the police that he did not report the assault that night because defendant told him that he would go to jail if he did so. The next day, after accusing her boyfriend of hiding her alcohol, defendant became angry because she did not like the food he had prepared for her which led to her biting his wrist and punching him in the nose. The police arrested defendant for domestic violence. After being released from jail on March 2, 2020, and, despite a no-contact order, defendant spent the day drinking with her boyfriend. The two later got into an argument and defendant's boyfriend told her to leave. Defendant then scratched her boyfriend's

---

[1] *People v Pruitt*, unpublished order of the Court of Appeals, entered March 17, 2022 (Docket No. 359428).

face with her nails and threatened him with a butter knife. Defendant's boyfriend called 911 and the police arrested defendant again for domestic violence.

On August 25, 2020, defendant pleaded guilty to one count of domestic violence stemming from the March 2 incident, and prosecution agreed to the dismissal of the charge stemming from her February 28 arrest. At sentencing, the trial court overruled multiple objections by defendant to the scoring of the sentencing guidelines offense variables (OVs) and sentenced defendant to 28 to 90 months' imprisonment. After sentencing, defendant filed a motion for resentencing, arguing that OV 1 and OV 10 were incorrectly scored. The trial court issued an opinion and order that directed a change to the OV 1 score, but otherwise denied defendant's motion for resentencing. The trial court noted that the original sentence remained within the applicable guidelines minimum range, and it opined that it would still have imposed the same sentence even under the corrected guidelines range. This appeal followed.

## II. STANDARDS OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. Further, when reviewing a sentence for reasonableness, this Court must determine "whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks, citation, and ellipsis omitted).

## III. ANALYSIS

Defendant argues that she is entitled to resentencing because the trial court erroneously assessed 10 points for OV 10 and because her sentence is otherwise disproportionate and unreasonable.[2] We disagree.

### A. OV 10

Defendant argues that the trial court should have assessed zero points for OV 10. Offense Variable 10 is scored for the "exploitation of a vulnerable victim." MCL 777.40(1).

---

[2] We note that defendant has also raised an argument that she was denied effective assistance of counsel at sentencing. However, defendant has failed to provide any factual support for this claim in her brief. See *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000) ("A party may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim."). Accordingly, defendant has abandoned the issue, and we decline to address it. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) (failure to properly brief the merits of an issue on appeal constitutes abandonment of the issue).

" ' Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). Vulnerabilities "may arise not only out of a victim's characteristics, but also out of a victim's relationships or circumstances." *People v Huston*, 489 Mich 451, 464; 802 NW2d 261 (2011). " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A trial court must assess zero points for OV 10 when the defendant "did not exploit a victim's vulnerability." MCL 777.40(1)(d). The trial court must assess 10 points when the defendant "exploited a victim's physical disability, mental disability . . . , or a domestic relationship . . . ." MCL 777.40(1)(b).

In this case, the trial court assessed 10 points for OV 10 because it found that defendant's boyfriend was a vulnerable victim and that defendant exploited his vulnerability. The trial court found that defendant's boyfriend's intoxication at the time of the assault and six-year domestic relationship with defendant made him readily susceptible to injury, persuasion, or temptation by defendant. The trial court also found that defendant "exploited" her domestic relationship with her boyfriend because it placed her in a position to attack him during their argument. The trial court did not clearly err because sufficient evidence in the record supported its factual findings. Defendant's boyfriend and defendant both stated that they had been in a domestic relationship with one another for six years. Defendant pleaded guilty to domestic violence, acknowledging that her boyfriend was the victim. A police report indicated that the victim had a blood alcohol content of 0.263 at the time of the March 2 assault. Further, defendant violated a no-contact order by visiting her boyfriend and assaulting him the *same day* of her release from jail for previously assaulting him. A preponderance of the evidence supported the trial court's findings of fact. The trial court, therefore, did not clearly err by assessing defendant 10 points for OV 10.

## B. PROPORTIONALITY

Defendant argues that the trial court imposed a disproportionate and unreasonable sentence despite its being within the guidelines minimum sentence range. We disagree.

In its opinion and order, the trial court thoroughly articulated its reasons for sentencing defendant within the guidelines minimum sentence range of 5 to 28 months. The court imposed a sentence of 28 to 90 months for her conviction of domestic violence. A within-guidelines sentence is presumptively proportionate. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Moreover, under MCL 769.34(10),[3] "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the sentence." This Court, therefore, must affirm defendant's sentence because she has not identified any error in the scoring of the sentencing guidelines variables or directed this Court to any inaccurate information relied upon by the trial court when determining her sentence. See *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016); see also *People v Anderson*, 322 Mich App 622, 635-637; 912 NW2d 607 (2018); MCL 769.34(10).

---

[3] MCL 769.34 was amended by 2020 PA 395, effective March 24, 2021, but subsection 10 was not substantively changed by the amendment.

Because the trial court did not clearly err by assessing 10 points for OV 10, and properly imposed her sentence within the minimum range determined under the guidelines, her sentence was proportional. Accordingly, defendant is not entitled to resentencing.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates